CITY OF ST. PAUL v. ALFRED JOHNSON.[1]

July 1, 1897.

Nos. 10,570—(226).

Municipal Corporation—Ordinance—Smoke Nuisance.

> In the construction of an ordinance, rule applied that the expression of one thing is the exclusion of another, and that that interpretation is favored which gives effect to every part of the ordinance. *Held*, a certain ordinance of St. Paul prohibiting the allowing of dense smoke to issue from the chimneys of buildings does not make the servant of the owner or occupant liable.

Appeal of defendant from a judgment of the municipal court of St. Paul, convicting him of the violation of an ordinance after a trial before Orr, J., without a jury. Reversed.

[1] Reported in 72 N. W. 64.

*Flandrau, Squires & Cutcheon,* for appellant.
*James E. Markham* and *Carl Taylor,* for respondent.

CANTY, J.

Under an ordinance of the city of St. Paul, appellant was convicted in the municipal court of that city of the offense of permitting dense smoke to issue and be emitted from the chimney of the building known as the "Gas and Electric Light Company's Building." It was stipulated on the trial that appellant "never was the proprietor, lessee, or occupant of said building, but that he was employed as an engineer by the owner of said building to run the steam engine situate and operated in said building, and bore no other relation whatever to said building, or to the owner thereof, and did operate said engine" at the time stated in the complaint. Appellant contends that the ordinance in question does not make it an offense to be employed as a servant or engineer in such a case, and that the conviction cannot be sustained.

The ordinance reads as follows:

"Section 1. That the emission of dense smoke from the smoke-stack of any boat or locomotive, or from any chimney, anywhere within the city of St. Paul, is hereby declared to be a nuisance; and whosoever shall permit or allow the emission of dense smoke from any such smokestack or chimney shall be deemed and held guilty of creating a nuisance.

"Sec. 2. No owner of any boat or locomotive engine, nor the person or persons employed as engineer or otherwise in the working of the engine or engines in any boat or of any locomotive engine, nor the proprietor, lessee, or occupant of any building, shall permit or allow dense smoke to issue or to be emitted from the smokestack of any boat or locomotive engine, or the chimney of any building, within the corporate limits of the city of St. Paul.

"Sec. 3. Every person creating the nuisance specified in section one of this ordinance, and every person violating any of the provisions of section two of this ordinance, shall be punished by a fine of not less than twenty-five, nor more than one hundred dollars, or by imprisonment of not less than ten nor more than ninety days."

It will be observed that section 1 declares that any one who permits or allows the emission of dense smoke from a chimney is guilty of creating a nuisance; that section 2 prohibits both the servant and the owner from allowing dense smoke to issue from a boat or locomotive, and prohibits the owner, but not the servant, from allowing

dense smoke to issue from the chimney of any building. We are of the opinion that this is a case where the expression of one thing should be held to be the exclusion of another, and that it was not the intention to make the mere servant guilty of allowing dense smoke to issue from the chimney of a building. True, section 3 provides that every person creating the nuisance specified in section 1 shall be liable, and that every one violating section 2 shall be liable. But ordinances imposing penalties are strictly construed. The language of section 1 is very general. This section is much broader than section 2, and applies to any smokestack or chimney, whether a part of any building or not, and applies not only to the "proprietor," "lessee," and "occupant" mentioned in section 2, but also to the agent of any of these, and to the officers and directors of corporations and all others who participate in the maintaining of the nuisance. Section 2 is specific, and it is clear that it impliedly excepts the servant of such owner, lessee, or occupant from liability. As a general rule, specific provisions control general and indefinite provisions. Again, this is the only interpretation that will give to section 2 any purpose or effect whatever, and that interpretation is favored which gives effect to every part of the law or ordinance. We are of the opinion that such implied exception in section 2 controls section 1. Then the appellant was not guilty of any offense under the ordinance.

The judgment is reversed, and the action remanded to the court below, with directions to dismiss the same.

COLLINS, J. (dissenting).

I am obliged to dissent. That the city council endeavored to pass an ordinance which would do away with the smoke nuisance is obvious from the title, from the language found in section 1, which declares that any person who permits or allows the emission of dense smoke from a smokestack or chimney shall be deemed guilty of creating a nuisance, and from the wording of section 3, which provides for the punishment. It is true that section 2 is more specific in its terms, referring specially to the owners of boat and locomotive engines, and to persons employed in working such engines, as well as to the proprietors, lessees, and occupants of buildings; but this, it seems to me, is the result of an industrious attempt on the part of the council to make the ordinance effective,—to bring about the very

desirable result. I am of the opinion that the rule that a construction is never to be adopted which will defeat the purpose of an enactment, if any other reasonable construction can be found which its language will fairly bear, should be applied to this ordinance. This rule applies as well to penal as to other statutes. I do not want to attribute an intention to the city council which would materially aid in defeating the purposes for which the ordinance was passed, and, at the same time, place that body in the surprising position of having gone out of its way to provide for the punishment of men engaged in working the moving boat or locomotive engine, the smokestack of which is, because of its capacity, and the locality in which it is found, not often offensive when emitting smoke, for the express purpose of excusing and protecting from punishment men engaged in operating or managing chimneys in buildings,—chimneys always stationary, usually, because of locality and capacity, extremely offensive and objectionable when emitting smoke, and, if we are not to disregard what ·everybody knows, most pronounced nuisances, and the very objects which have induced and brought about the enactment of ordinances of this nature in nearly all of our cities. I do not think it was the intention of the council to make the distinction attributed to it in the main opinion.

I think the conviction should be upheld.