CITY OF ST. PAUL v. KNUT HAUGBRO.[1]

July 22, 1904.

Nos. 13,891—(164).

**Municipal Ordinance.**

Ordinance No. 1841 of the city of St. Paul, adopted October 7, 1895, and as amended by Ordinance No. 1986, adopted February 2, 1898, prohibiting the emission of dense smoke within the corporate limits of the city, considered, and *held* to be within the valid exercise of the police power of the municipality, and the conviction of defendant for violation thereof is sustained.

Appeal by defendant from a judgment of the municipal court of St. Paul, Finehout, J. Affirmed.

*Durment & Moore, Horton & Denegre* and *Charles Bechhoefer,* for appellant.

The ordinance is void because vague and indefinite. McConvill v. Mayor, 39 N. J. L. 38; Sigler v. City, 3 Ohio, N. P. 119. The ordi-

[1] Reported in 100 N. W. 470.

nances are unreasonable and therefore void. The thing declared to be a nuisance must be so per se, and cannot be made one by enactment of the municipal or general legislature. Underwood v. Green, 42 N. Y. 140; Wreford v. People, 14 Mich. 41; Yates v. Milwaukee, 10 Wall. 497; Coe v. Schultz, 47 Barb. 69. The complaint does not specify in what volume or for how long a time the smoke was emitted; and it is not alleged that the smoke annoyed any of the citizens or resulted in damage to their property. It is not charged that by such emission defendant created or maintained a nuisance. Proof of the emission of dense smoke in the smallest possible quantity for only a moment of time would establish the allegations of the complaint. Surely, no such proof would authorize a conviction, and the proof in this case amounts to nothing more.

*James C. Michael* and *Emil W. Helmes,* for respondent.

The legislature may, within constitutional limits, change the common law as to nuisances, making those things nuisances which were not so at common law and making lawful such as were common law nuisances. Com. v. Parks, 155 Mass. 531; Lawton v. Steele, 119 N. Y. 226; Lawton v. Steele, 152 U. S. 140; In re Linehan, 72 Cal. 114; Sawyer v. Davis, 136 Mass. 246. In a large and populous city, greatly composed of private residences, the emission of dense smoke would cause discomfort and even ill health. Field v. City, 44 Ill. App. 410; Hyatt v. Myers, 71 N. C. 271; Rhodes v. Dunbar, 57 Pa. St. 275; Harmon v. City, 110 Ill. 400; Moses v. U. S., 16 App. D. C. 428. The situation will not be changed by evidence that the thing complained of is not in fact injurious or a nuisance. Powell v. Pennsylvania, 127 U. S. 678; Sprigg v. Garrett, 89 Md. 406; Com. v. Parks, supra; Sawyer v. Davis, supra; State v. Beardsley, 108 Iowa, 396. Smoke may be declared by ordinance to be a nuisance per se. Harmon v. City, supra; Moses v. U. S., supra. The ordinances in question are valid exercise of the police power of the city. Northwestern Fertilizing Co. v. Hyde Park, 97 U. S. 659; Dillon, Mun. Corp. (3d Ed.) § 141, et seq.; State v. Donaldson, 41 Minn. 82; Harmon v. City, supra; Moses v. U. S., supra; Rippe v. Becker, 56 Minn. 108; State v. Corbett, 57 Minn. 349.

LOVELY, J.

Defendant was convicted in the municipal court of St. Paul of having violated the provisions of Ordinance No. 1841 of the general ordinances of the city, approved October 7, 1895, as amended by Ordinance No. 1968, approved February 2, 1898, in allowing the emission of dense smoke from the building known as the "Angus Hotel," corner Western and Selby avenues, of that city; he being the fireman employed and having charge of the furnace therein. Judgment was entered upon the conviction. Defendant appeals therefrom.

The question involved on this appeal is the validity of the so-called smoke ordinance of the city of St. Paul, which had its origin in, and was authorized by, Sp. Laws 1887, p. 623, c. 48, § 3, subd. 1, which provides that the common council of the city, among other things, may control and regulate the construction of buildings, and chimneys therein, and prohibit the emission of "dense smoke." Section 36 art. 4, of the state constitution, was amended, allowing cities to frame their own charters, in 1898. Under this amendment the legislature (Laws 1899, p. 462, c. 351) provided that all ordinances, resolutions, and regulations in force at the time of any new charter adopted by virtue of such amendment, not inconsistent with the provisions thereof or of that act, should remain and be in force until altered, modified, or repealed by the lawmaking authorities of the city taking the benefit of its provisions, and we are clear that it cannot be open to doubt that the ordinance in question, so far as relative to the conditions presented on this appeal, was in force at the time of the defendant's conviction.

In the case of City of St. Paul v. Gilfillan, 36 Minn. 298, 31 N. W. 49, it was held that at that time the city had not the power to pass such an ordinance, and, upon the absence of that authority, prosecution was defeated. In City of St. Paul v. Johnson, 69 Minn. 184, 72 N. W. 64, the prosecution failed upon the ground that the ordinance then in force did not make the servant of the owner liable. But the objections which defeated the prosecutions in these cases do not apply here. The ordinance was in terms general, and applicable to all persons violating the same; nor can it be questioned that the legislature could confer upon a municipality the right to prohibit whatever is injurious or detrimental to public health or comfort, and that whatever deprives the residents

of urban communities of pure, uncontaminated, inoffensive air is a nuisance.    State v. Luce, 9 Houst. (Del.) 396, 32 Atl. 1076.

The pith of defendant's contention on this review is that the distinctive terms describing the act complained of in the ordinance, as well as in the complaint, whereby it is attempted to define a public nuisance, and charge that it had been committed, are so indefinite, vague, and uncertain that they fail effectively to accomplish that purpose. It is insisted that the terms of the ordinance, "dense smoke," adopted in the complaint, without more particularly describing or specifically defining the reprehended acts, are insufficient, for the reason that they do not embrace, ex vi termini, or by fair inference. imply, essential conditions to justify the material conclusion that a matter properly the subject of police regulation and municipal control was the lawful subject of prohibition.    So that the issue on this review is the exceeding simple one, viz., whether the words of the ordinance and complaint, "dense smoke," which are made by defendant's contention a determinative test of sufficiency, fairly imply and reasonably contemplate, in their meaning, the commission of acts which constitute a nuisance, and justify restrictions under penal consequences.

Unless we are entirely at fault in our apprehension of the signification of words when used in their accepted sense, the terms "dense smoke" suggest and reasonably imply much more than counsel for defendant concedes.    While it may be true that at times the emission of smoke in small quantities from chimneys may not be so offensive as to itself constitute a nuisance, it is not so easy to see how dense smoke can be regarded with toleration, or found acceptable to the senses of ordinary humanity, particularly in the residence portions of a community, such as this ordinance was intended to apply to.    "Smoke" is defined in Webster's International Dictionary as follows:    "The visible exhalation, vapor, or substance that escapes or is expelled from a burning body—especially from burning vegetable matter, as wood, coal, peat, or the like."    "Dense" is also defined therein as follows:    "Having the constituent parts massed or crowded together; close, compact; thick; containing much matter in a small space; heavy; opaque." To be logical, and to affect, perhaps, unnecessary learning to aid common sense and common knowledge, it would follow.that the exhalation of vapors from burning vegetables, wood, coal, or peat crowded to-

gether, containing much matter in a small space, as soot, cinders, and coal dust exhaled from chimneys, would necessarily inflict upon the occupants of residences and apartment houses much discomfort, greatly add to the ordinary burdens of urban existence, and fall within the ordinarily accepted definition of a nuisance at common law.

Under a municipal ordinance prohibiting the exhalation of dense smoke in the city of Chicago, the same question was presented as here, and in disposing of the subject the court of last resort in Illinois held the following pertinent language applicable to this controversy, which we approve and adopt: "Nor will any subtle distinction be indulged as to what is meant by 'dense smoke,' as those terms are used in the ordinance. The terms used will be understood as commonly employed, and this court will understand by 'dense smoke' precisely what everybody else does that has ever seen a volume of dark, dense smoke as it comes from the smokestack or chimney where common soft or bituminous coal is used for fuel in any considerable quantities." Harmon v. City, 110 Ill. 400.

There are well-known devices in common use for mitigating the evils caused by dense smoke, and the enforcement of the ordinance cannot be said to inflict hardships upon the consumers of the materials which occasion the nuisance complained of.

Judgment affirmed.