STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, APPELLEE, v. SOUTHERN NEBRASKA POWER COMPANY ET AL., APPELLANTS.

FILED JULY 8, 1936. No. 29587.

*B. F. Napheys, Jr., Stiner & Boslaugh* and *Stubbs & Stubbs,* for appellants.

*William H. Wright, Attorney General,* and *Edwin Vail, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and FITZGERALD, District Judge.

FITZGERALD, District Judge.

This is an action brought by the state of Nebraska on the relation of C. A. Sorensen, attorney general, against Southern Nebraska Power Company, a corporation, and the village of Ayr, a municipal corporation, in Adams county, Nebraska.

The action is brought by the plaintiff pursuant to the provisions of article 6, ch. 70 (sections 70-601 to 70-609) of the 1931 Cumulative Supplement to the Compiled Statutes of Nebraska, being an initiative law passed by the voters of the state of Nebraska on November 4, 1930. This initiative law appears to have been passed for the pur-

pose of allowing municipal corporations owning and operating light and power plants to extend their transmission lines beyond the corporate limits of the municipality, and in addition to permitting the municipal corporation to extend its lines beyond its corporate limits, the law in sections 70-604 to 70-608, inclusive, places certain restrictions on private persons, firms, associations or corporations proposing to acquire by lease or purchase the distribution system of any municipality.

During the latter part of 1931, the defendant power company began negotiations with the defendant village of Ayr for the purchase of the power distributing plant of the defendant village, and on February 17, 1932, an election was held after a four months' publication of notice of such election in the village of Ayr. At this election the proposition of the power company was submitted to the voters, 49 of whom cast their ballots in favor of the sale to the defendant power company of the village's electrical distributing plant and equipment, and 27 of whom cast their ballots against such sale. The number of voters eligible to participate in said election in said village was approximately 79. The proposition for the sale of the electric equipment of the village of Ayr received more than 60 per cent. of the votes eligible to be cast at said election, and was declared to have carried, and the defendant power company and the defendant village proceeded to transfer the equipment according to the proposition submitted by the two contracting parties. Whereupon this action was brought by the plaintiff seeking to have the sale adjudged a nullity and of no binding effect, and to cancel the same, and seeking further to enjoin the confirmation of such sale by the village to the power company, alleging that said sale was not in accordance with the provisions of the initiative statute above referred to.

Both defendants allege and contend that the initiative measure is repugnant to the Constitution of the state of Nebraska, and the Constitution of the United States, and that it denies to the contracting parties equal protection

of the law and violates their right of freedom to contract. The trial court found in favor of the plaintiff and ordered the sale canceled and the parties restrained from carrying out the provisions thereof.

Plaintiff alleges that the defendant power company failed to comply with the terms of the statute in failing to file a correct report with the department of public works of the state of Nebraska, of the transaction with the village of Ayr, as required by section 70-605, Comp. St. Supp. 1931, and further alleges that the defendant power company violated section .70-607, Comp. St. Supp. 1931, in the expenditure of more than $1 per qualified voter in the village, in the promotion of the said sale.

The testimony reveals that some time in 1923 the villages of Ayr, Holstein and Roseland had pooled their interests and established a lighting system for the three villages, and connected the same with a power line from the city of Hastings, and that late in 1931 the equipment, at least in the village of Ayr, was out of repair and unsatisfactory and it was necessary to repair and improve the same, but the village had no funds with which to bring about these repairs and improvements. As a result thereof they discussed sale of their equipment.

The village of Ayr and the defendant power company came to an agreement on the terms for the sale of the equipment by the village to the power company, which agreement included the payment of the expense of an election of the voters of the village for the purpose of ratifying the action of the village board. This election was called and held according to the provisions of section 70-604, Comp. St. Supp. 1931. It is shown by the record of the trial that the expense of the election was $120, which is much more than .the statute allowed for the number of eligible voters in the village. Defendants contend that this was part of the purchase price, but defendants stipulate that the defendant power company spent more than $80 in salary and expense of its manager in the promotion of the sale. This was certainly within the prohibition of the

statute and would be a violation of the same that would void the election.

Defendant power company then proceeded to report to the department of public works the proceedings in regard to the election and the transaction with the village of Ayr. The reports were not considered satisfactory and were not accepted.

The trial court held, after hearing all the evidence, that defendants had invoked the statute, had relied upon and taken advantage of it, and are now estopped to assail the statute as unconstitutional. It would seem that the facts revealed by the transcript and bill of exceptions justified the finding of the trial court on this point. The law has been fixed in this state on this subject. *La Borde v. Farmers State Bank,* 116 Neb. 33, 215 N. W. 559, and since the bill of exceptions shows an undisputed violation of the statute, we find that the holding of the trial court is correct and its decree should be and is

AFFIRMED.