FREMONT JOINT STOCK LAND BANK, APPELLEE, V. MARIE H. MORSE, APPELLEE: ELIZABETH KANE, APPELLANT.

290 N. W. 907

FILED MARCH 8, 1940. No. 30767.

A. R. Oleson, for appellant.

Zacek & Nicholson, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

This is an appeal from an order of the district court for Cuming county applying rents collected by the clerk of the district court under the provisions of the 1937 moratory law (Comp. St. Supp. 1937, sec. 20-21,159) to the payment of the portion of the decree of foreclosure remaining unpaid after crediting the proceeds received from the sale of the security.

The act in question provides in part that "The court shall make an order or orders for possession of such real estate, determine fair rental terms to be paid by the party or parties to be in possession and the application and distribution of the rents, income and profits from such real estate, and make such provision for the preservation of such property as will be just and equitable during the continuance of said cause, which order or orders shall provide that such rents, income or profits shall be paid to and distributed by the clerk of the district court of the county in which such suit

is pending, in accordance with the order of the court entered therein, without compensation to the clerk; and further provided; that, in such distribution, expenses of the conservator to be approved by the court, taxes, interest, insurance, cost of maintenance and upkeep of such real estate and interest shall be paid in the priority named and any balance distributed as the court may direct." It is clear that rents, income and profits are to be paid in for the benefit of the owner of the decree of foreclosure, to be applied as directed by the statute. It is stipulated that the amount remaining due, after crediting the proceeds derived from the sale of the security, exceeds the amount of rents, income and profits in the hands of the clerk of the district court for distribution. The order granting the moratory stay and fixing the rentals to be paid in by the parties in possession is not in the record. The distribution of such rents, income and profits is in accordance with the provisions of the statute. The appellant, having invoked the provisions of the moratory law, is now in no position to dispute the validity of its express provisions.

There is no error affirmatively appearing in the record. The judgment of the district court is therefore

AFFIRMED.