KRAJENKE BUICK SALES v. HAMTRAMCK CITY ENGINEER.

1. MUNICIPAL CORPORATIONS—POLICE POWER—ZONING—CONSTITU-TIONAL LAW.
   The Constitution of the State confers no grant of police power of zoning directly upon cities.

2. SAME—ZONING—POLICE POWER—LEGISLATURE.
   As an exercise of police power, the legislature has power to authorize cities to enact zoning ordinances.

3. SAME—STATUTES—BUILDING AND ZONING ORDINANCES—PUBLIC HEARING—NOTICE.
   The provisions of statute, authorizing cities and villages to regulate height, bulk and location of buildings and to establish zones, wherein it is required that a public hearing shall be held before regulations shall become effective and that there

REFERENCES FOR POINTS IN HEADNOTES

[2] Constitutionality of statute or ordinance limiting height of buildings. 34 A.L.R. 46.

[3] Zoning: Creation of restricted residence districts from which business buildings are excluded. 19 A.L.R. 1395; 33 A.L.R. 287; 38 A.L.R. 1496; 43 A.L.R. 668; 54 A.L.R. 1030; 86 A.L.R. 659; 117 A.L.R. 1117.

[3] Power to establish building line along street. 28 A.L.R. 314; 44 A.L.R. 1377; 53 A.L.R. 1222.

[3] Validity of regulations as to relative area of parcel to be built on. 27 A.L.R. 443.

[3] Reasonableness and validity of zoning regulations prescribing minimum area for house lots, or requiring a certain area proportionate to the number of families to be housed. 141 A.L.R. 693.

shall be 15 days publication of notice of such hearing and that hearing should be granted any interested person, are mandatory and must be fully complied with in order to have municipal ordinance authorized thereby effective (1 Comp. Laws 1929, § 2634; § 2636, as last amended by Act No. 306, Pub. Acts 1941).

4. SAME—BUILDING CODE—ZONING MAP—PUBLIC HEARING—NOTICE—STATUTES.

Where there was noncompliance with mandatory provisions of statute authorizing adoption of ordinances by cities and villages regulating height, bulk and location of buildings and to establish zones in that there was no public hearing, no opportunity for plaintiff, an interested party, to be heard and no publication or service of notice of a public hearing, ordinance and resolution providing for building code and zoning map were both void (1 Comp. Laws 1929, § 2636, as last amended by Act No. 306, Pub. Acts 1941).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted June 1, 1948. (Calendar No. 43,821.) Decided September 8, 1948.

Petition by Krajenke Buick Sales, a Michigan corporation, against Ignatius M. Kopkowski, city engineer and superintendent of building for the City of Hamtramck, for writ of mandamus compelling issuance of building permit. Writ granted. Defendant appeals. Affirmed.

*William Cohen,* for plaintiff.

*Stanley J. Draganski* and *Joseph C. Czarnecki,* for defendant.

REID, J.   Plaintiff filed its petition for a writ of mandamus in the circuit court for the county of Wayne against the defendant city engineer and superintendent of building for the city of Hamtramck, to require defendant to grant and issue a building

permit applied for by plaintiff. From an order granting the writ, defendant appeals.

Plaintiff claims that it submitted its application for building permit in proper form showing estimated cost of construction, with copies of building plans. The building sought to be built is a one-story concrete block and face-brick building to be used as an automobile service and storage garage. Defendant claims that the erection of such building would be in violation of ordinance No. 202 of the city of Hamtramck, section 2, subsection (b) of which is as follows:

"In residential areas and excluding business streets, all structures, whether frame, fireproof or otherwise shall conform to the established front building line of existing adjacent structures on same side of street or avenue, providing that the provisions of the foregoing subsection shall not be deemed to apply to structures already in existence on any corner lot."

Defendant claims that the ordinance in question is a building code and not a zoning ordinance. However, in defendant's brief defendant speaks of the ordinance in the following language:

"The ordinance in question defines certain streets as business streets and all other streets are designated as residential streets where the structures must conform to existing building lines. Mitchell street, on which the plaintiff's property is located and on which the construction of a garage is contemplated, is also designated as [a] residential street."

Defendant further claims that the above section 2, subsection (b), of the ordinance forbids the construction of the building in question because the established building line on Mitchell street is 14 feet back from the sidewalk.

Defendant claims that the common council of the city of Hamtramck, August 29, 1946, adopted a resolution creating a zoning commission. Defendant further claims the commission was duly appointed, held various meetings, and divided the city into three separate zones, that the common council on recommendation of the zoning commission, adopted a resolution accepting the recommendation of the zoning commission and temporarily adopted a zoning map "as a temporary measure by which the building inspector may govern himself in the issuance of building permits until such time as the zoning ordinance is adopted."

The statutes applicable to this case are as follows:

"The legislative body of cities and villages may regulate and limit the height and bulk of buildings hereafter erected, and regulate and determine the area of yards, courts, and other open spaces, and for such purposes divide any city or village into districts of such number, shape and area as may be deemed best suited to carry out the purposes of this section. Such regulations shall be uniform for each class of buildings throughout each district, but the regulations in one district may differ from those in other districts. Such regulations shall be made in accordance with a plan designed to lessen congestion on the public streets, to promote public health, safety and general welfare, and shall be made with reasonable consideration, among other things * * * [of] the character of the district, its peculiar suitability for particular uses, the conservation of property values and the general trend and character of building and population development." 1 Comp. Laws 1929, § 2634 (Stat. Ann. § 5.2932).

"The legislative body of any city or village may provide by ordinance for the manner in which such regulations and boundaries of districts or zones shall be determined and enforced, or from time to time amended, supplemented or changed: Provided, how-

ever, That a public hearing shall be held before any such regulations shall become effective: And provided further, That not less than 15 days' notice of the time and place of such public hearing shall first be published in an official paper or a paper of general circulation in such city or village, and that not less than 15 days' notice of the time and place of such public hearing shall first be given by registered United States mail to each public utility company and to each railroad company owning or operating any public utility or railroad within the districts or zones affected, and a hearing be granted any person interested at the time and place specified." Act No. 207, § 4, Pub. Acts 1921 (1 Comp. Laws 1929, § 2636), as last amended by Act No. 306, Pub. Acts 1941 (Comp. Laws Supp. 1945; § 2636 [Stat. Ann. 1947 Cum. Supp. § 5.2934]) (Cited in part.).

The Constitution of the State confers no grant of police power of zoning directly upon cities. See *Clements* v. *McCabe,* 210 Mich. 207, 219.

The parties in this case do not question that as an exercise of police power, the legislature has power to authorize cities to enact zoning ordinances.

Plaintiff alleges and defendant does not deny the following propositions: First, no public hearing was held before the adoption of the ordinance in question; second, no public notice was printed in a paper of general circulation; and third, that plaintiff was not given an opportunity to appear before the common council and object to the adoption of the ordinance.

Defendant does not question the reasonableness of the requirements prescribed in 1 Comp. Laws 1929, § 2636, as last amended by Act No. 306, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 2636, Stat. Ann. 1947 Cum. Supp. § 5.2934), but defendant erroneously assumes that the regulations in said statute need not be strictly complied with and that the common council has general authority vested in it under

1 Comp. Laws 1929, § 2634 (Stat. Ann. § 5.2932), to enact a zoning ordinance without complying with the terms of 1 Comp. Laws 1929, § 2636, as last amended by Act No. 306, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 2636, Stat. Ann. 1947 Cum. Supp. § 5.2934).

The authority for the enactment of the ordinance and resolution in the case at bar arises by virtue of Act No. 207, Pub. Acts 1921 (1 Comp. Laws 1929, § 2633 *et seq.*), as amended, which refers specifically to city or village districts or zones under the housing and zoning laws. The ordinance and resolution are therefore governed by and must fully comply with the mandatory proceedings set forth in 1 Comp. Laws 1929, § 2636, as last amended by Act No. 306, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 2636, Stat. Ann. 1947 Cum. Supp. § 5.2934), which by amendment has become a part of said act.

As before noted, in the case at bar there was no public hearing, plaintiff had no opportunity to be heard, and there was no publication or service of notice of a public hearing.

For want of compliance with the requirements of 1 Comp. Laws 1929, § 2636, as last amended by Act No. 306, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 2636, Stat. Ann. 1947 Cum. Supp. § 5.2934), the ordinance and resolution adopting the report of the zoning commission as a temporary measure both are void. The order appealed from granting the writ is affirmed. Costs to plaintiff.

BUSHNELL, C. J., and SHARPE, BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.