JOHN J. RONCKA ET AL., APPELLEES, V. EDWARD F. FOGARTY ET AL., APPELLANTS.

41 N. W. 2d 745

Filed March 7, 1950. No. 32725.

*Edward Sklenicka,* and *Ziegler, Dunn & Becker,* for appellant.

*Shrout, Brown & Thurmond,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

The plaintiffs brought this action in the district court for Douglas County against the defendants for the pur-

pose of obtaining a decree declaring the action of the board of appeals, as provided for by the city charter of the metropolitan city of Omaha, permitting the defendant American Community Stores to build a store building the entire length of its lot or lots in a zoned second commercial district, to be null and void.

In 1922, the metropolitan city of Omaha adopted as its home rule charter, Chapter 116, Laws of 1921, in toto, under the provisions of Article XI, section 5, of the Constitution of the State of Nebraska. The original home rule charter and amendments adopted thereto pursuant to constitutional authority, appear in Chapter 14, Revised Statutes 1943. In the opinion we will refer to the sections as the same appear in the Revised Statutes 1943. Strictly speaking, such sections of the statutes are not applicable to the city of Omaha as such, but as provisions of its home rule charter. In the instant case we will have occasion to refer to article 4, city planning, zoning, constituting sections 14-401 to 14-418, R. S. 1943, and will specifically designate the sections applicable and necessary to a determination of this appeal.

Section 14-401 provides that for the purpose of promoting the health, safety, morals, or the general welfare of the community, the city council of a metropolitan city is empowered to regulate and restrict the height, number of stories, size of buildings, and other structures, and the percentage of the lot that may be occupied; then provides with reference to such regulations that a board of appeals may determine and vary their application in harmony with their general purposes and intent, and in accordance with general or specific rules therein contained. See Dundee Realty Co. v. City of Omaha, 144 Neb. 448, 13 N. W. 2d 634.

Section 14-403 provides that such regulations shall be made in accordance with a comprehensive plan designed to lessen congestion in the streets.

Section 14-408 provides for the appointment of mem-

bers of a zoning board of appeals, their tenure of office, meetings, hearings, and records.

Section 14-409 provides that such board of appeals shall hear and decide appeals from and review any order, requirement, decision, or determination made by an administrative official charged with the enforcement of any ordinance adopted pursuant to sections 14-401 to 14-418. It shall also hear and decide matters referred to it or upon which it is required to pass under any such ordinance, or to effect any variation in such ordinance.

Section 14-411 provides that upon hearing the board of appeals may reverse or affirm, wholly or partly, or may modify the order, requirement, decision, or determination as in its opinion ought to be made in the premises, and to that end shall have all the powers of the official from whom the appeal was taken; further, where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of such ordinance, the board of appeals shall have the power in passing upon appeals, to vary or modify the application of any of the regulations or provisions of such ordinance relating to the use, construction, or alteration of buildings or structures or the use of land so that the spirit of the ordinance shall be observed, public safety and welfare secured, and substantial justice done.

Section 14-413 provides that any person or persons, jointly or severally aggrieved by any decision of the board of appeals may present to the district court a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of such illegality, and such petition must be presented to the court within 30 days after the filing of the decision in the office of the board.

Section 14-414 provides that the court may take evidence, and is empowered to reverse or affirm, wholly or partly, or may modify the decision brought up for review.

We are concerned here only with the case as tried in the district court. It is apparent from section 14-413, R. S. 1943, that the action of the aggrieved person or persons is presented to the district court by the filing of a petition in such court within a prescribed time. It is conceded by the parties to this appeal that the plaintiffs are aggrieved persons within the meaning of said section. It is apparent that the plaintiffs' action in the district court is one for trial de novo within the limitations of the pleadings and the evidence taken before the court, and constitutes an attack upon the action of the board of appeals as to whether such board acted within the scope of its authority under the city charter, or whether such action on the part of the board of appeals was illegal.

With the foregoing in mind, we proceed to an examination of the record,

For convenience we will refer to the appellants, defendants in the district court, as American Community Stores and board of appeals as occasion requires, and to the appellees who were plaintiffs in the district court, as plaintiffs.

The defendant American Community Stores owns Lots 22, 23, and 24, Block 101, Dundee Place, an addition to the city of Omaha. These lots are 128 feet north and south and 150 feet east and west, and are located on the northwest corner of the intersection of Fiftieth Street and Underwood Avenue, bounded on the east by Fiftieth Street, on the south by Underwood Avenue, and on the north by an alley running east and west which is paved and 14 feet in width. The plaintiffs are the owners of two lots in Block 101, Dundee Place. Their residence is located on Lot 3, and faces Webster Street to the north. The rear of their lot is on the north side of the alley previously described. About 2½ feet north of the north line of the alley on the plaintiffs' property is a small garage which faces east.

The defendant American Community Stores proposes

to build a building to be used as a grocery store on Lot 22 and the west 20 feet of Lot 23. The balance of Lot 23 and Lot 24, which is east of the proposed building, is to be used for parking purposes. The parking lot will be paved and stalls marked so that cars may park diagonally. Directly behind the proposed building to the north across the alley is the plaintiffs' residence and garage. On Lot 21, west of Lot 22 upon which the building is to be erected, is the Ruge property wherein a furniture and upholstering business is conducted. This building is built from the lot line to the south to within 8 feet of the south line of the alley. To the rear of this building is a loading dock about 5 feet in width, leaving a space of 3 feet from the loading dock north to the south line of the alley. Therefore, the building is 120 feet deep and has a rear door where deliveries are received and sent out from the dock. For the delivery and reception of merchandise, two panel trucks and one half-ton pickup truck are used in this business.

An architect employed by the American Community Stores testified that the building would be 70 feet in width, 128 feet in length, built from the lot line south to the south line of the alley, in other words the complete length of the lot, 21 feet in height at the front part and 14 feet in height at the back part. All loading and unloading would be done at an east entrance into the store on the American Community Stores property.

Zone ordinance No. 15239 is the ordinance in question in this case, and deals with second commercial districts. Under section XV, "C", Area Regulations, subdivision 3, it is stated: "Except as hereinafter provided in Section XXII hereof, there shall be a rear yard of not less than fifteen feet." Section XXII, subsection 3, provides: "In computing the depth of a rear or a side yard for any building where such yard opens onto an alley, half of said alley may be assumed to be a portion of the yard; * * *."

The architect testified that permit to build according

to the plans and specifications was denied by the building engineer for the city of Omaha. Application for appeal was made to the board of appeals, case No. 49-16. On March 31, 1949, the board of appeals directed the chief engineer of the city building department to issue a permit to the American Community Stores for what is known as a "Hinky-Dinky" store, at the northwest corner of Fiftieth Street and Underwood Avenue in the second commercial district, in accordance with the plans submitted by the architect, provided the front line of the building was placed upon the north line of Underwood Avenue and the rear wall to extend to the south line of the alley, all in accordance with plans submitted and subject to all other conditions of the zone ordinance; and provided that the north wall of the said building be made a solid masonry wall, with no door opening on the alley.

It appears from the record that the business center located on Underwood Avenue and Fiftieth Street is at most times a congested district, and that the alley in question is used to a great extent by pedestrians, principally by shoppers and school children as a short-cut to catch streetcars to the city proper. The alley is also used by car owners in the block to get to their garages, and by trucks that traverse the alley for business purposes.

The purpose of constructing the building, as testified to by the architect, was to produce shelving and other store facilities, and to provide parking space for cars to relieve the congestion in the business district and from the alley. If the building were constructed in accordance with the ordinance heretofore mentioned, one parking lane which accommodates 12 cars would have to be eliminated, that is, there would be parking space for 23 cars instead of 35.

All of the merchandise used by the store is delivered by trucks, estimated from 20 to 22 trucks daily, with a fruit and vegetable truck which unloads at another

store of the American Community Stores Corporation in the immediate vicinity. This truck arrives at about 2 a. m., and would service the store to be erected. The trucks in question are about 18 to 33 feet long, with a tractor to pull them. The unloading process generally takes from an hour to an hour and a half. Under the proposed building plan all such merchandise would be unloaded on the property of the American Community Stores. Otherwise, under the ordinance, this merchandise would be unloaded and loaded from a dock in the rear of the store such as the dock that accommodates the Ruge building, and it would require a fence on the south alley line to better facilitate such operation.

There is evidence that the trucks used in the Ruge business at times extend over and protrude into the alley, and thereby create congestion in the alley.

While the parking space may be secondary to the American Community Stores consideration in providing the store for the community, there is no question but that the parking space as proposed would eliminate congestion from the alley as well as the business district.

The plaintiffs' testimony is to the effect that the proposed building would interfere with the ingress and egress to and from their garage, and by the rear of the building being within a distance of 60 feet from their residence, it would lessen the resale value of their property.

The testimony of Ruge is to the effect that the proposed building would interfere with the facilities of his plant for loading and unloading.

While the property of the American Community Stores is used as a matter of accommodation for the ingress and egress of the plaintiffs to their garage and by Ruge in operating his business, the American Community Stores Corporation is under no obligation to permit the use of its private property to the use of others. The plaintiffs are in no position morally to ask their neighbors to provide a driveway so that they can more conveniently get into

their garage. There is very little evidence that would disclose damage of any kind or nature that would accrue to the plaintiffs by virtue of the erection of the building as proposed.

There is also evidence that in the wintertime, due to the terrain of the alley, it becomes icy and impedes the progress of traffic such as trucks in the alley.

The members of the board of appeals made an inspection of this property, as did the judge of the district court.

The city engineer who is a member of the board and familiar with the location believed that the primary thing to be considered was the elimination of traffic from the alley, which constituted the basis of the appeal board's action, and that in addition thereto there was some advantage in the matter of fire protection.

Parking conditions or regulations in a second commercial district are the same as in a first commercial district, that is, commercial places shall provide adequate off-street facilities for loading and unloading merchandise in such manner as not to obstruct traffic.

The district court in its decree found generally in favor of the plaintiffs and against the defendants, and decreed that the south line of the Hinky-Dinky store to be erected by the American Community Stores Corporation may be built to the north line of Underwood Avenue; that the north line of said building shall be built 8 feet south of the alley adjacent to the said property to the north; and that no loading dock or means of ingress or egress, insofar as the loading or unloading of trucks is concerned, be placed in the rear or north side of said building.

From this judgment appeal was perfected by the board of appeals of the city of Omaha and the American Community Stores Corporation, assigning that the district court erred in the following respects: (1) In overruling the permission of the board of appeals to the American Community Stores Corporation, permitting them to build the full length of the lot, or to the south line of the alley; and (2) in enjoining and prohibiting the American Com-

munity Stores Corporation from constructing the proposed building so that no loading dock or means of ingress or egress, insofar as the loading or unloading of trucks is concerned, be placed on the rear of the said proposed building.

From an analysis of the applicable provisions of the city charter heretofore referred to, and the evidence, we conclude that the trial court was in error in determining that the building in question be built within 8 feet of the south line of the alley, and that no loading facilities could be used at that place by the American Community Stores Corporation. Such a finding and judgment is wholly without the scope of the ordinance in question. We further conclude that the board of appeals did not exceed its authority granted by the city charter with respect to the order made with reference to the erection of the building in question, and the judgment of the board of appeals in such respect should be affirmed.

For the reasons given in this opinion we reverse the judgment of the trial court and remand the cause with directions to enter a judgment in conformity with the action taken by the board of appeals, and as announced in this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.