LLOYD M. PETERSON, APPELLANT, V. GERALD M. VASAK ET AL., APPELLEES, FLOYD PAYNTER ET AL., INTERVENERS-APPELLEES.

76 N. W. 2d 420

Filed April 20, 1956. No. 33927.

*Arthur J. Whalen,* for appellant.

*Edward F. Fogarty, Bernard E. Vinardi, Neal H. Hilmes,* and *Frost, Peasinger, Meyers & Farnham,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ..

BOSLAUGH, J.

The subject of this controversy is an application of appellant to the building department of the city of Omaha for a certificate of occupancy authorizing him to improve real estate in the 1st residence district as designated by the zoning ordinance of the city for residential purposes. The description of the land involved is the north 169 feet of Block 10, Ridgewood Addition, in Douglas County. It is outside of but within 3 miles of the city and is unimproved. An ordinance of the city prohibits vacant land within the reach of the ordinance to be occupied or used or a building to be erected thereon until a certificate of occupancy is issued by the building department.

Appellant bound himself to purchase the land from the owner thereof subject however to the ability of appellant to secure a certificate of occupancy, hereafter designated a certificate, permitting him to erect a house of not less than 12,000 square feet upon the premises. He applied to the building department of the city for a certificate in manner and form as the ordinance required. The application was rejected and a certificate was denied him. He timely and in legal manner prosecuted an appeal from the refusal and denial of the building department to the board of appeals of the city. § 14-410,

R. R. S. 1943; Roncka v. Fogarty, 152 Neb. 467, 41 N. W. 2d 745. The board heard the matter and approved the action and decision of the building department. Appellant within the time granted by law filed a petition in the district court setting forth that the decision of the board of appeals was illegal because it or the city had no authority over building beyond the limits of the city; that the real estate was not within the provisions of the zoning ordinance; that the land was owned by the vendor, who had contracted to sell and convey it to appellant, prior to the passage of the ordinance; that the land was prior to the time the ordinance was passed owned of record by Adah E. Ward and had been since in the same and identical situation, location, and condition; that the refusal to issue a certificate sought by him was the taking of property without compensation, contrary to the Constitution of Nebraska; that section 14-418, R. R. S. 1943, attempts to confer upon the city power to regulate all building within 3 miles of its limits; that the statute is unconstitutional; and that it violates the provisions of the Constitution of Nebraska that no bill shall contain more than one subject and the same shall be clearly expressed in the title. Appellant implored the district court to decree that the action of the building department was illegal and that it be required to issue to him a certificate for the erection of a dwelling on the real estate.

The members of the board of appeals and the chief engineer of the building department were named by appellant as defendants in the district court. They by answer admitted that appellant had made application for a certificate for the premises; that it was refused by the building department and the board of appeals; and that the action of the former and the decision of the latter were each reasonable and in accordance with the charter and ordinances of the city. The owners of real property adjacent to or near the real estate concerned in these proceedings intervened and asserted that appellant

did not have a valid contract for the purchase of the real estate for which he sought a certificate; that his application was denied because said real estate had less than 20,000 square feet as the ordinance required; that the building appellant proposed to construct thereon did not and could not conform to the setback requirements of the ordinance; and that the decision of the board of appeals was regular, legal, and a valid exercise of the authority vested in it. The district court found that it had not been shown that the board of appeals acted illegally in sustaining the action of the building department in refusing to issue the certificate sought by appellant and it rendered a judgment of dismissal of the cause. The defendants and interveners will be collectively spoken of herein as appellees.

The property for which appellant seeks a certificate is without the city of Omaha but it is within 3 miles of the limits of the city. Appellant asserts that the part of the act of the Legislature intended to authorize the city to restrict the use of the property concerned in this case is invalid. The act referred to was passed in 1925. Laws 1925, c. 45, p. 178; §§ 14-401 through 14-418, R. R. S. 1943. The section of the act upon which the authority of the city to zone the property involved in this cause rests provides that the powers granted by the act may be exercised over all territory not over 3 miles beyond the limits of the city. Laws 1925, c. 45, § 12, p. 186; § 14-418, R. R. S. 1943. The specific claim of invalidity of this part of the act is that the subject matter thereof had no proper designation or suggestion in the title of the bill and that it contained more than one subject when it was passed and therefore violated the constitutional prohibition that no bill shall contain more than one subject and the same shall be clearly expressed in the title. Art. III, § 14, Constitution of Nebraska.

If the hypothesis of appellant in this respect is correct the ordinance of the city cannot limit or restrain the use of the property. A city is a political subdivision

of the state, created as a convenient agency for the exercise of such governmental powers of the state as may be entrusted to it by constitutional provision or legislative act. Interstate Power Co. v. City of Ainsworth, 125 Neb. 419, 250 N. W. 649; Hanson v. City of Omaha, 157 Neb. 403, 59 N. W. 2d 622, supplemental opinion, 157 Neb. 768, 61 N. W. 2d 556; State v. Kubik, 159 Neb. 509, 67 N. W. 2d 755. A municipality has no inherent power to enact a zoning ordinance. The power to do so results from statutory or constitutional authorization. The governmental authority known as the police power is inherently an attribute of state sovereignty and belongs to subordinate governmental divisions when and as conferred by the state either through its Constitution or by valid legislation. Pettis v. Alpha Alpha Chapter of Phi Beta Pi, 115 Neb. 525, 213 N. W. 835; City of Omaha v. Glissmann, 151 Neb. 895, 39 N. W. 2d 828; Clements v. McCabe, 210 Mich. 207, 177 N. W. 722; Krajenke Buick Sales v. Hamtramck City Engineer, 322 Mich. 250, 33 N. W. 2d 781; Annotations, 86 A. L. R. 659, 117 A. L. R. 1117; 58 Am. Jur., Zoning, § 7, p. 943; 37 Am. Jur., Municipal Corporations, § 277, p. 902.

The statute to which the objection of appellant is made was passed in 1925. The title did not mention the subject matter of the section assailed. In 1943 the act without the title was a part of the authorized revision of the statutes of the state. The revision was legally adopted by an act of the Legislature. This fact prevents any reference to or consideration of the title of the original bill in a present determination of the constitutionality of the act. In McGraw Electric Co. v. Lewis & Smith Drug Co., Inc., 159 Neb. 703, 68 N. W. 2d 608, it is said: "If an act as originally passed was unconstitutional because it contained matter different from that expressed in the title, or referred to more than one subject matter, it becomes valid law, if otherwise constitutional, on adoption by the Legislature and incorpo-

ration into a general revision without reference to title as originally enacted."

Appellant is barred by his acts from asserting that the statute referred to above or any part of it is invalid. The ordinance of the city could have no effectiveness or validity in the absence of the statute. Appellant has invoked the provisions of the ordinance in these proceedings and by his solicitation of this court to order the city to issue the permit he seeks to erect a dwelling on the land. A litigant who invokes the provisions of a statute may not challenge its validity. He may not seek the benefit of it and at the same time question its constitutionality. State ex rel. Sorensen v. Southern Nebraska Power Co., 131 Neb. 472, 268 N. W. 284; Federal Farm Mortgage Corp. v. Hughes, 137 Neb. 454, 289 N. W. 866; Fremont Joint Stock Land Bank v. Morse, 137 Neb. 659, 290 N. W. 907; Lackaff v. Department of Roads & Irrigation, 153 Neb. 217, 43 N. W. 2d 576.

The land with which this cause is concerned is generally triangular in shape. The width of it at its south boundary is 141 feet. Each of its side lines is 169 feet and they converge at the north of the tract not in a point but in a rounded portion which forms a circular terminus with a 14-foot 6-inch radius where Loveland Drive, which is west of the land, and Ridgewood Avenue, which is east thereof, merge and form an intersection, the south part of which is adjacent to the north part of the land. Immediately south and adjoining it is a residential property.

The parties disagree as to whether or not the land involved herein is a lot within the meaning of the ordinance. The relevant part of the definition of a lot as stated therein is: "Land occupied or to be occupied by a building and its accessory buildings together with such open spaces as are required under this ordinance and having its principal frontage upon a public street or officially approved place." The land is not a platted

lot but it is the remainder of a platted block after the other parts of the block were sold and conveyed during or before August 1939. Appellees say that a lot within the meaning of the ordinance means a platted lot. This is contrary to its terms. Its language is that a lot is land occupied or to be occupied by a building with open spaces required by the ordinance and with the principal frontage upon a public street or officially approved place. The location concerned in these proceedings is land substantially surrounded by public streets and it is all open space. Whether or not a residence building can be constructed on it with the open spaces required by the ordinance is a problem presented by this cause. The words of a municipal zoning ordinance are interpreted according to their natural import in common and accepted usage. Commissioners of Public Works v. Cities Service Oil Co., 308 Mass. 349, 32 N. E. 2d 277; Foster v. Mayor of Beverly, 315 Mass. 567, 53 N. E. 2d 693, 151 A. L. R. 737; City of St. Paul v. Haugbro, 93 Minn. 59, 100 N. W. 470, 66 L. R. A. 441, 106 Am. S. R. 427, 2 Ann. Cas. 580; 37 Am. Jur., Municipal Corporations, § 187, p. 826. The ordinance was not intended to be restricted in its operation to land that had been formally platted as a lot or lots.

The ordinance requires a minimum lot area of 20,000 square feet per family except a lot having less than the minimum area of record at the time of the effective date of the ordinance may be occupied by a single family dwelling if all the applicable yard regulations are observed. The land concerned in this cause has existed in all respects as it is now since August 1939. It is and has been owned by and of record in the name of Adah E. Ward subject only to the contract for the sale of it to appellant. The ordinance became effective March 1, 1945. The area of the land is 13,619 square feet. Appellant desires and seeks permission to build thereon a single-family dwelling. It is clear therefore that if appellant can comply with applicable yard require-

ments he should be issued a certificate allowing him to occupy this land by a single-family dwelling. The regulations of the ordinance in this respect are generally that there should be a front yard with a minimum depth of 75 feet, a rear yard of not less than 25 feet, and "* * * there shall be a side yard of not less than 25 feet in width on each side of the building; Provided, However, that a lot having a width of 110 feet, or less, and of record at the time of the effective date of (the) Ordinance * * *, there shall be a side yard on each side of the building equal to not less than 15 per cent of the average width of the lot, but in no case less than ten feet." The part of the quoted provision following the semicolon has no relevancy to this cause.

The record exhibits a drawing by an architect depicting an area of the land 63 feet wide at the south, 63 feet in length from south to north, and 21 feet wide at the north. It is 75 feet from the north terminus of the land to the north line of the area, 25 feet from its east line to the east property line, 25 feet from its west line to the west property line of the land, and 35 feet from the south line of the area to the south line of the land. The drawing shows the floor plan for a single-family dwelling and a garage within the area depicted on the drawing and described above.

Appellees argue that if the north terminus of the land in question is considered its north boundary it does not have its principal frontage upon a street or an officially approved place; that the rounded portion of the triangular tract of land though it is bounded by an intersection of streets cannot be said to be fronting on a street or an officially approved place; neither can it be considered the principal frontage since either side of the land is greater in length than the portion of the land at its north terminus. This argument is not convincing. The front of the property or the principal frontage thereof is not required to be the north part of it. The principal frontage spoken of in the ordinance

is related to the land and has no application to the front of any building placed thereon. The ordinance speaks of the land to be occupied by a building "having its principal frontage upon a public street or officially approved place." The land has all of its frontage on streets or an intersection of streets, except the south boundary. This property has an east frontage on Ridgewood Avenue of 169 feet and a west frontage of equal distance on Loveland Drive. It has principal frontage on two streets. The ordinance recognizes that the provision concerning principal frontage of a lot has no relation to the front of a building thereon by the provision of the ordinance, in another connection, that the front yard shall be adjacent to the street upon which the front of the building faces. The ordinance makes no requirement that the front of the building shall face the principal street frontage of the lot.

It is insisted by appellees that the land is on the intersection of two streets and is therefore a corner lot; that the requirements of the ordinance are applicable thereto that when a corner lot is used for residence purposes, without regard to the way the dwelling faces, one street side yard shall comply with the front yard setback requirements of the district and the other street side yard shall be not less than one-half of the front requirement for residences fronting upon such street; that one street side yard would have to be not less than 37½ feet; and that it is impossible for appellant to satisfy this requirement. The foregoing is contrary to what was produced at the trial. The record was made by the appellees to say that the land involved in this cause is not strictly a corner lot but that it is a sort of hybrid; that the ordinance was written with an eye to lots of regular shape and that is quadrilateral and not triangular; that the situation presented by this lot is a typical one for which the law provides a board of appeals to treat the peculiar problems that arise on a lot which is not quadrilateral; and that it is proper to have equal

side yards in a case like this. The ordinance does not describe or define a corner lot. It is a permissible conclusion that the land is not, within the meaning of the provisions of the ordinance, a corner lot.

If the limitations and requirements of the ordinance are applicable to the land involved and have the effect ascribed to them by appellees, the land is rendered by the ordinance unusable, is deprived of any practical economic use, and has no value. Appellees do not dispute this result but they comment "* * * that the situation is not very pleasant * * *"; that Adah E. Ward, the vendor of appellant, owned this and other land in the block; that she sold and conveyed all of it but the land involved in this cause which she retained for speculative purposes; that she thereby caused the situation; and that neither she nor her vendee has any escape from the disaster. This is not quite the situation. This land was separated from the other land in 1939. It was then owned of record by Adah E. Ward and has since been in identical condition and ownership, except for the contract of sale. The ordinance became effective March 1, 1945. The predecessor in title of appellant did not take and hold the title with notice, constructive or otherwise, that an ordinance would be passed thereafter that would render her land without value or use. It may not be said that appellant or his predecessor in title acquired a tract of land and thereafter made such use of a part thereof as left the remainder unavailable for economic use under the then effective zoning ordinance. Appellant and his vendor, as the situation now exists, are deprived of any practical use or value of the land. This is an unnecessary hardship, not of their making, and the deprivation does not bring to other properties a commensurate advantage. It does not necessarily follow that the ordinance should be for that reason adjudged invalid. The statute makes provision for appropriate relief in such a specific case. § 14-411, R. R. S. 1943. Permission for the proposed

use of the land will not be contrary to the public interest or welfare. It will be in harmony with the intent of the ordinance and it will not alter the essential character of the neighborhood. The record is not made to proclaim that the value of the other property will be prejudiced by the proposed use of the land or that the rights or interests of other persons will be injuriously affected.

The criterion of unnecessary hardship is that the use restriction, viewing the property in the setting of its environment, is so unreasonable as to constitute an arbitrary and capricious interference with the basic right of private property; or that there is convincing proof that it is impossible to use the property for a conforming purpose; or that there are factors sufficient to constitute such a hardship that would in effect deprive the owner of his property without compensation. An unnecessary hardship exists when all the relevant factors taken together convince that the plight of the location concerned is unique in that it cannot be put to a conforming use because of the limitations imposed upon the property by reason of its classification in a specific zone. Annotation, 168 A. L. R. 13; 58 Am. Jur., Zoning, § 203, p. 1050.

The purpose of a provision authorizing the granting of relief in a specific case of hardship is to permit the amelioration of the rigors of necessarily general regulations by eliminating the necessity of a slavish adherence to the precise letter of the limitations where in a given case little or no good on the one side and undue hardship on the other would result from a literal enforcement and to protect the ordinance against attack on the ground of unreasonable interference with private rights. Lee v. Board of Adjustment, 226 N. C. 107, 37 S. E. 2d 128, 168 L. R. A. 1; Annotation, 168 A. L. R. 13.

Schaible v. Board of Adjustment, 134 N. J. Law 473, 49 A. 2d 50, was concerned with the situation that the owners of real estate made application for and were refused a permit under a zoning ordinance to construct

a building on their premises for office and storage purposes to be used in the conduct of their business. The real estate without the permit was unusable, had no practical economic use, and was substantially without value. The refusal of the permit by the board of adjustment was determined by the court to have been arbitrary and capricious and it directed that a permit be issued to the applicants. The opinion of the court contains the following: "Prosecutors acquired title to the property on January 6th, 1945, for the purpose of doing that which they now ask permission to do. They took with constructive knowledge of the ordinance restrictions as amended in 1936, but their predecessors in title who acquired the rear lands in 1926 did not so take. It may not be said that prosecutors, or any of their predecessors in title, acquired a tract of land and thereafter made such use of a part thereof as left the remainder unavailable for economic use under the then effective zoning ordinance. * * * It is prosecutors' contention that the zoning provisions enacted in November of 1936 so restrict the lands as to amount to a practical confiscation. * * * As things now are, prosecutors are deprived of any practical economic use of their property—an unnecessary hardship because the deprivation does not bring to other properties a commensurate advantage. It does not necessarily follow that the ordinance is, for that reason, void. Provision is made for such a specific case by R. S. 40:55-39d * * *. That authority is discretionary, but the Board sits in quasi-judicial capacity and its acts or omissions are subject to review when they so violate the demands of right and justice as to constitute an abuse of discretion. Brandon v. Montclair, 124 N. J. L. 135; affirmed, 125 Id. 367. We think that the moving of prosecutors' business a distance of 200 feet to a structure built in accordance with the submitted plans and to be used as forecasted by the proofs will not be contrary to the public interest and will not seriously impair the pleasurable and

profitable use of the neighborhood residence properties; that, on the contrary, owing to the special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship and that the spirit of the ordinance will be observed and substantial justice done by allowing the variance."

The circumstances of this case showing a deprivation of the value and use of valuable real property establish a specific instance of unnecessary hardship within the meaning of the statute. § 14-411, R. R. S. 1943.

The appeal in this court is tried de novo upon the record. This court must reach an independent conclusion. The board of appeals is vested with discretion in the disposition of matters within its province to decide but the acts of the board are in their nature judicial and they are subject to review and reversal when they constitute an abuse of discretion and are arbitrary. § 14-414, R. R. S. 1943; Roncka v. Fogarty, *supra;* Schaible v. Board of Adjustment, *supra;* Lee v. Board of Adjustment, *supra;* 58 Am. Jur., Zoning, § 229, p. 1061. The action of the board of appeals in this case was an abuse of discretion, arbitrary, and illegal.

The judgment should be and it is reversed and the cause is remanded with directions to the district court for Douglas County to render a judgment reversing the decision of the board of appeals of the city of Omaha in this cause and ordering it to grant and issue to appellant a certificate of occupancy of the land involved herein, authorizing appellant to construct a single-family dwelling on the part of the land designated on the drawing of the architect in evidence in this cause as exhibit 3 and described thereon as 63 feet wide at the south, 63 feet long from south to north, and 21 feet wide at the north, except, if appellant desires, he may construct the south part of the dwelling 25 feet north of the south boundary line of the land instead of 35 feet north of said boundary line as it is indicated on the drawing.

REVERSED AND REMANDED WITH DIRECTIONS.