OTTO SCHLIENTZ, APPELLEE, v. CITY OF NORTH PLATTE, A MUNICIPAL CORPORATION, ET AL., APPELLANTS.

110 N. W. 2d 58

Filed July 7, 1961. No. 34930.

478

*Baskins & Baskins* and *M. E. Crosby,* for appellants.

*Maupin, Dent, Kay & Satterfield, Thomas O. David,* and *James J. Duggan,* for appellee.

*Wright & Simmons* and *James R. Hancock,* amici curiae.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, and BOSLAUGH, JJ.

MESSMORE, J.

This is an action in equity brought in the district court for Lincoln County by Otto Schlientz, plaintiff, against the City of North Platte, a municipal corporation, its mayor, members of the city council, two former members of the city council, the city clerk, and the city building inspector, defendants. The purpose of the action was to enjoin the defendants, and each of them, from enforcing or attempting to enforce ordinance No. 922 of the city of North Platte. The plaintiff bases his cause of action on the contention that section 16-901, R. S. Supp., 1959, is unconstitutional, and that ordinance No. 922, enacted in pursuance thereof, is unconstitutional and invalid. The defendants moved for a summary judgment on the grounds that the pleadings, deposition, and affidavits on file showed that there was no genuine issue as to any material fact to be determined, and for other reasons which will be referred to later in the opinion. The plaintiff also moved for a summary judgment on the same grounds, and that judgment be rendered in accordance with the prayer of the plaintiff's petition. After hearing had to the trial court, the trial court found that there was no genuine issue as to any material fact to be determined; that the motion of the plaintiff for a summary judgment should be sustained for the reason that section 16-901, R. S. Supp., 1959, was unconstitutional, and ordinance No. 922 enacted by the mayor and city council in pursuance of said statute was invalid as an improper exercise of the legislative power of the city council; and that plaintiff was entitled

to an injunction as prayed. Judgment was rendered in accordance with the findings. The defendants filed a motion for new trial, which was overruled, and defendants perfected appeal to this court.

Certain parties as plaintiffs sought to file a petition wherein it was alleged that they resided in the same area as the plaintiff, were affected by section 16-901, R. S. Supp., 1959, and ordinance No. 922 of the city of North Platte in the same manner as the plaintiff, and requested the same relief as did the plaintiff. The trial court gave such plaintiffs 10 days after the final adjudication of this case upon the amended petition of the plaintiff filed in said court for such plaintiffs to file their amended petition or petitions.

The City of North Platte, hereinafter called the city, is a municipal corporation of the first class, organized and existing as such under the statutes of Nebraska. The amended petition named the mayor, the councilmen of the city, the building inspector, the city clerk, and two members of the council whose terms had expired, as defendants.

The plaintiff is a resident of Lincoln County, a legal voter therein, and the owner of real estate situated in the area 1 mile beyond and adjacent to the corporate limits of the city.

The amended petition shows that ordinance No. 922, enacted by the mayor and city council of the city on February 17, 1959, classified the plaintiff's property district No. 1, residential A zone.

The plaintiff's amended petition alleged that section 16-901, R. S. Supp., 1959, was unconstitutional, and that ordinance No. 922, enacted by the city council pursuant to section 16-901, R. S. Supp., 1959, was also unconstitutional and void. The amended petition set forth several provisions of the Constitutions of the United States and of the State of Nebraska which the plaintiff claimed were violated by the enactment of ordinance No. 922. These provisions need not be set forth. The amended

petition alleges that section 16-901, R. S. Supp., 1959, and ordinance No. 922 are unconstitutional in that said section and ordinance violated section 1, of the Fourteenth Amendment to the Constitution of the United States, and Article 1, section 1, of the Constitution of the State of Nebraska, denying the plaintiff and other residents residing within the 1-mile zone adjacent to the city equal protection and due process of law. The amended petition further alleged that if the statute involved was held to be constitutional, the ordinance enacted pursuant thereto is so vague, indefinite, unreasonable, and arbitrary that said ordinance should be declared invalid.

The defendants' answer to the amended petition reserved a demurrer which was previously filed and overruled. The defendants' answer then alleged that there was a misjoinder of causes of action, a defect of parties defendant, and a misjoinder of parties defendant; that by the express provisions of section 16-901, R. S. Supp., 1959, ordinance No. 922 could not be applied to the real estate owned by the plaintiff so as to interfere with his farming and livestock operations; and that plaintiff had no such interest as entitled him to bring and maintain this action.

The defendants assign as error that the trial court erred in not finding that there was a misjoinder of causes of action, and several causes of action were improperly joined; in not finding that there was a misjoinder of parties defendant, a defect of parties defendant; in not finding that the plaintiff was not affected by section 16-901, R. S. Supp., 1959, and ordinance No. 922 of the city, and had no standing to challenge the validity of such section or ordinance; in finding that section 16-901, R. S. Supp., 1959, was unconstitutional and void for the reason that said section was in violation of certain Articles and sections of the Constitutions of the State of Nebraska and the United States; in finding ordinance No. 922 unconstitutional and void as being

in violation of certain Articles and sections of the Constitution of the State of Nebraska and the Constitution of the United States; in finding ordinance No. 922 of the city invalid as an improper exercise of the legislative power of the city; in sustaining the plaintiff's motion for a summary judgment; and in permanently enjoining the defendants from enforcing or attempting to enforce ordinance No. 922 of the city.

Section 16-901, R. S. Supp., 1959, provides as follows: "Any city of the first class is hereby granted power and authority to extend and apply by ordinance its zoning regulations, property use regulations, building ordinances, electrical ordinances, and plumbing ordinances, to the area one mile beyond and adjacent to its corporate boundaries with the same force and effect, as if such outlying area were within the corporate limits of such city; Provided, no such ordinance shall be extended or applied so as to prohibit, prevent, or interfere with the conduct of normal farming, livestock operations, existing businesses, or industry."

Section 16-902, R. S. Supp., 1959, relates to suburban development; subdivision, platting, and consent of city council required. Section 16-903, R. S. Supp., 1959, relates to platting, recording, and control by city council. Section 16-904, R. S. Supp., 1959, relates to conformity with ordinance, and dedication of avenues, streets, and alleys.

Ordinance No. 922 provides in part: "SECTION 1. All Ordinances, Rules or Regulations of the Mayor and Council of the City of North Platte, Lincoln County, Nebraska, presently in force or hereafter adopted pertaining to zoning, rezoning, use, area and height of structures, minimum structural requirements, building permits, variances, appeals to the Board of Adjustment, electrical plumbing and television antennas are hereby extended to the area one (1) mile beyond and adjacent to the corporate limits of the City of North Platte,

Lincoln County, Nebraska, as the same now exists or are hereafter altered or changed."

Section 6 of ordinance No. 922 provides: "Any person, firm or corporation who violates any of the Ordinances, Rules, or Regulations hereinbefore referred to shall upon conviction be fined or penalized as provided in the respective Ordinance, Rule or Regulation."

The plaintiff and his wife own certain land within 1 mile of and adjacent to the city limits of the city which, with accretions, contains 39.9 acres. This property was purchased in 1951 for $8,000. Located on this property are a 3-bedroom modern house, a 3-room house with bath, and 2 Quonset buildings, one 40 x 100 feet and the other 40 x 120 feet. The first 60 feet of the latter Quonset building is finished in knotty pine, sealed, and insulated, and had been used as an implement store by the plaintiff. There are also a granary, some fencing, and a ramp which plaintiff used to unload machinery. The cost of the improvements, less labor, amounted to $45,000. At the time of trial the plaintiff raised thoroughbred livestock and fed cattle, and had engaged in this type of business since 1951. The Quonset buildings are now used in the operation of this type of business. The plaintiff and his wife lived in a residence on this property. When the plaintiff acquired this property, he moved his implement business from the city to this property. The two Quonset buildings were constructed for the purpose of engaging in the implement business. In 1955, the plaintiff ceased to carry on the implement business. In 1960, he finished liquidating an $8,000 to $10,000 stock of implement parts. The Quonset buildings are now used for his livestock operations.

The plaintiff testified that prior to the time ordinance No. 922 was enacted he had two offers for the property, one for use as a sale barn and the other for a filling station, both of which he rejected; and that since the passage of such ordinance he had talked to real estate people who told him that acreage property was not

salable on account of ordinance No. 922. The plaintiff further testified that he had not made application for a building permit, nor had he done any building since the passage of ordinance No. 922. No officer of the city notified him that the ordinance was going to be enforced against him. His use of the property was the same after the enactment of ordinance No. 922 as it was before, and no representative of the city had attempted to interfere with such operations. The plaintiff further testified that the passage of ordinance No. 922 has caused "unpredictable damage" to his property.

There appears in evidence an affidavit of the city clerk to the effect that he had examined the minutes of the proceedings of the meeting of the mayor and city council; and that his examination disclosed that since the date of the enactment of the ordinance no action had been taken by the mayor or council to apply ordinance No. 922 in such a manner as would interfere with the use of the plaintiff's property as it had been used prior to the time the ordinance was enacted.

There is a plat in evidence showing the plaintiff's real estate and other real estate in the vicinity. Immediately north of plaintiff's property is the residence of a Mrs. Wilson. To the north of the Wilson residence is a building occupied by the Dawson County Public Power District. Across the highway east of plaintiff's real estate is property owned by Pittmans and Eberlys. A part of the Pittman property is rented to a man named Swedberg who feeds a few cattle and pastures some horses and milk cows. The Eberlys live on the corner north of Pittmans. North from the intersection of Highway No. 83 and the east and west county road is residential property. Some of the people in that vicinity have livestock. On the road on the west side of plaintiff's property there are two or three residences, and on the north side of the county road west from the intersection of Highway No. 83 is residential property.

The defendants contend that there is a misjoinder of

causes of action and parties defendant. We have examined the defendants' contention in this respect and the authorities cited in support thereof.

In the case at bar on this proposition the following are applicable.

In 43 C. J. S., Injunctions, § 176, p. 833, it is stated: "Defendants who have a common interest and a common defense are properly joined in one suit for injunction. Where the act sought to be enjoined is threatened or being performed by more than one person, all may be joined as defendants, * * *."

This court said in State ex rel. Beck v. Associates Discount Corp., 162 Neb. 683, 77 N. W. 2d 215: "The mere fact that more than one equitable remedy is sought does not establish that more than one cause of action is included in a plaintiff's petition. The particular nature of the wrong done by defendant may require the application of different remedies for the enforcement of plaintiff's right, in which event the rules governing joinder of causes of action do not preclude plaintiff from presenting in the same pleading distinct and different grounds for recovery upon a single primary right." See, also, Brchan v. The Crete Mills, 155 Neb. 505, 52 N. W. 2d 333.

Cases are legion wherein the plaintiff may be entitled to several remedies for the prevention of a single wrong, in which event the rules governing joinder of causes of action do not preclude him from presenting in the same pleading distinct and sufficient grounds for recovery, upon a single primary right, especially if he is uncertain which ground can be established.

In the case at bar, the plaintiff is seeking to enjoin the city and its officials from enforcing an ordinance asserted to be unconstitutional. There is but a single cause of action in which he seeks injunctive relief against the defendants who threaten his constitutional rights. All of the defendants are properly joined in this action.

We conclude that the trial court did not err, as contended for by the defendants.

There are certain established principles of law applicable to the instant case as follows.

In Peterson v. Vasak, 162 Neb. 498, 76 N. W. 2d 420, we said: "A city is a political subdivision of the state, created as a convenient agency for the exercise of such governmental powers of the state as may be entrusted to it by constitutional provision or legislative act."

In Pettis v. Alpha Alpha Chapter of Phi Beta Pi, 115 Neb. 525, 213 N. W. 835, this court said: "The weight of judicial authority clearly appears to support the proposition that, before a zoning ordinance can be declared unconstitutional, such ordinance must be either an arbitrary or an unreasonable pronouncement of the council, or it must be without substantial relation to public health, safety, morals, or general welfare."

In City of Omaha v. Glissman, 151 Neb. 895, 39 N. W. 2d 828, this court said: "A zoning ordinance may not operate retroactively to deprive a property owner of his previously vested rights, that is, a zoning ordinance cannot deprive the owner of a use to which his property was put before the enactment of the ordinance. * * * To overturn a city ordinance on the ground that it is unreasonable and arbitrary or that it invades private rights, the evidence of such facts should be clear and satisfactory. * * * In determining the validity of a city ordinance regularly passed in the exercise of police power, the court will presume that the city council acted with full knowledge of the conditions relating to the subject of municipal legislation. * * * In the exercise of police power delegated by the state legislature to a city, the municipal legislature, within constitutional limits, is the sole judge as to what laws should be enacted for the welfare of the people, and as to when and how such police power should be exercised. * * * What is the public good as it relates to zoning ordinances affecting the use of property is, primarily, a matter lying

within the discretion and determination of the municipal body to which the power and function of zoning is committed, and, unless an abuse of this discretion has been clearly shown, it is not the province of the courts to interfere."

Section 16-901, R. S. Supp., 1959, provides in part: "* * * Provided, no such ordinance shall be extended or applied so as to prohibit, prevent, or interfere with the conduct of normal farming, livestock operations, existing businesses, or industry." The plaintiff falls clearly within the provisions of this section of the statutes. No ordinance enacted under the authority of section 16-901, R. S. Supp., 1959, can prohibit, prevent, or interfere with the plaintiff's livestock raising and feeding of cattle. That is the business to which he has put his property to use. He disposed of his implement business in 1955, long prior to the enactment of ordinance No. 922. It will be noted that plaintiff's real estate is expressly excluded from the operation of both section 16-901, R. S. Supp., 1959, and ordinance No. 922.

The plaintiff contends that section 16-901, R. S. Supp., 1959, fails to provide, by its terms, any method or manner of notice to occupants and landowners within the 1-mile zone of action proposed to be taken under the statute, and violates the due process constitutional provisions; and that its failure to provide a tribunal, in which the plaintiff had a selective voice, for a hearing as to the classification, for zoning purposes, of plaintiff's property was likewise violative of plaintiff's constitutional rights of due process of law.

The plaintiff relies on the cases of Schutte v. Schmitt, 162 Neb. 162, 75 N. W. 2d 656; Watkins v. Dodson, 159 Neb. 745, 68 N. W. 2d 508; Blauvelt v. Beck, 162 Neb. 576, 76 N. W. 2d 738; Summerville v. North Platte Valley Weather Control Dist., 170 Neb. 46, 101 N. W. 2d 748, and other cases relating to notice and a tribunal before which a person or persons affected may be heard. The cited cases, under the factual situations and the legislation

referred to therein, are clearly distinguishable from the case at bar.

By section 16-901, R. S. Supp., 1959, the ordinances and regulations, the operation and effect of which cities of the first class may extend to the area 1 mile beyond their corporate limits, are "zoning regulations, property use regulations, building ordinances, electrical ordinances, and plumbing ordinances," all of which are included in the term "effective zoning."

This court said in Dundee Realty Co. v. City of Omaha, 144 Neb. 448, 13 N. W. 2d 634: " 'Effective "zoning" necessarily comprehends prohibitions against certain uses in named districts and restrictions as to area of lots to build upon, size and height of structures, and similar matters.' "

Section 16-901, R. S. Supp., 1959, being an enactment under the police power of the state, was the exercise of legislative power by the Legislature. The enactment of ordinance No. 922 by the city under the authorization of section 16-901, R. S. Supp., 1959, was also the exercise of a legislative function by the city council which has legislative powers.

Section 16-901, R. S. Supp., 1959, does not require the determination of any facts prior to the exercise of the power granted, nor notice, nor opportunity to be heard. None of these are required to follow the procedure in exercising the power granted by this statute.

Neither section 16-901, R. S. Supp., 1959, the action of the city council in exercising the power, nor ordinance No. 922 itself by reason of failure to provide for and have a hearing, or provide for and give notice and opportunity to be heard, are violative of any of the provisions of the Constitutions of the United States or the State of Nebraska.

The plaintiff and defendants make reference to section 19-904, R. S. Supp., 1959, and other sections of Chapter 19, article 9, pertaining to city planning and zoning. These statutes give cities of the first class, cities of the

second class, and villages certain rights relating to city planning and zoning. Section 19-904, R. S. Supp., 1959, does require a public hearing at which parties in interest and citizens have an opportunity to be heard, and notice of the time and place of such hearing to be given by publication in a paper of general circulation in such municipality at least one time 10 days prior to such hearing.

Section 16-901, R. S. Supp., 1959, and section 19-904, R. S. Supp., 1959, are complete, separate statutes providing for different procedures upon different subjects, and authorization to different classes of municipalities. Each is separate, distinct, and complete in itself.

Sections 16-901 to 16-904, R. S. Supp., 1959, refer to cities of the first class only.

There is no merit to the plaintiff's contention that section 19-904, R. S. Supp., 1959, is applicable in the case at bar.

The plaintiff contends that under the authority of State ex rel. Harte v. Moorhead, 99 Neb. 527, 156 N. W. 1067; State ex rel. Wright v. Brown, 131 Neb. 239, 267 N. W. 466; and State ex rel. Woolsey v. Morgan, 138 Neb. 635, 294 N. W. 436, the persons living in the area adjacent to and 1 mile beyond the corporate limits of the city have no voice in the selection of elective officers and officials of the city, which amounts to a disfranchisement of such persons because they are subjected to the jurisdiction of elected officers and officials whom they had no voice in choosing, and therefore section 16-901, R. S. Supp., 1959, is unconstitutional, and ordinance No. 922 is invalid.

Municipal corporations are creatures of the Legislature and endowed only with the powers granted and bestowed upon them by the Legislature. There is no doubt but that the Legislature may provide for their officers and officials and the manner of their selection and appointment insofar as cities of the various classes are concerned. See, Redell v. Moores, 63 Neb. 219, 88

N. W. 243, 93 Am. S. R. 431, 55 L. R. A. 740; State ex rel. Harris v. Hanson, 80 Neb. 724, 115 N. W. 294.

Such persons as heretofore mentioned have neither a constitutional nor inherent right to local self-government. The Legislature may subject them to the jurisdiction of officers for whom they have no voice in the selection. This does not constitute a violation of any constitutional provision. Redell v. Moores, *supra*; State ex rel. Harris v. Hanson, *supra*. The officers and officials of the city are not constitutional officers, but are such as are created by the Legislature, and which the Legislature is empowered to so create.

The cases cited by the plaintiff are distinguishable from the case at bar, and we deem it unnecessary to set forth these distinctions. The plaintiff's contention is not sustained.

The plaintiff prayed, alternatively, for an injunction against the enforcement of ordinance No. 922 in the event this court should find section 16-901, R. S. Supp., 1959, to be constitutional. The plaintiff asserts that the enactment of ordinance No. 922 constitutes an improper exercise of the legislative powers of the mayor and city council because such ordinance is vague, indefinite, arbitrary, illegal, and discriminatory as shown by the language contained therein.

Ordinance No. 922, in section 6, provides: "Any person * * * who violates any of the Ordinances, Rules, or Regulations hereinbefore referred to shall upon conviction be fined or penalized as provided in the respective Ordinance, Rule or Regulation."

The plaintiff also refers to certain language used in section 1, of ordinance No. 922, as follows: "* * * presently in force or hereafter adopted," and asserts that such ordinance makes no specific designation or reference to any ordinance, rule, or regulation, or to the penal provision thereof. In this connection, the plaintiff relies on the case of State v. Pocras, 166 Neb. 642, 90 N. W. 2d 263. In this case a charge was brought in

the name of the State against the defendant doing business as the Lincoln News Agency, charging that the defendant did unlawfully cause to be offered for sale obscene, lewd, and indecent publications contrary to a city ordinance of the city of Lincoln. This court said: " 'Where the statute uses words of no determinative meaning, or the language is so general and indefinite as to embrace not only acts commonly recognized as reprehensible, but also others which it is unreasonable to presume were intended to be made criminal, it will be declared void for uncertainty.' * * * 'It is not permissible to enact a law which, in effect, spreads an all-inclusive net for the feet of everybody upon the chance that, while the innocent will surely be entangled in its meshes, some wrongdoers also may be caught.' " See, also, State v. Nelson, 168 Neb. 394, 95 N. W. 2d 678.

Section 1, of ordinance No. 922, reads in part as follows: "All Ordinances, * * * are hereby extended to the area one (1) mile beyond and adjacent to the corporate limits of the City of North Platte, * * *."

The plaintiff argues that he was entitled, constitutionally, to an exact and precise definition of the conduct on his part that would render him liable for punishment under ordinance No. 922.

The ordinances and regulations extended by ordinance No. 922 over the area in question are upon subjects covered in section 16-901, R. S. Supp., 1959, and those included within the definition of effective zoning, that being prohibitions against certain uses in named districts and restrictions as to area of lots to build upon, size and height of structures, and similar matters. See Dundee Realty Co. v. City of Omaha, *supra*.

The procedure prescribed by section 16-901, R. S. Supp., 1959, was followed by the city in enacting ordinance No. 922.

In State v. Waller, 143 Ohio St. 409, 55 N. E. 2d 654, it is said: " 'The effectiveness of legislation by reference has been so generally recognized in Ohio that no

very specific declaration appears in the reported cases.'"

In Sloss-Sheffield Steel & Iron Co. v. Smith, 175 Ala. 260, 57 So. 29, the court said: "Municipal ordinances are construed by the same rules as are statutes. * * * No reason appears why ordinances and by-laws may not avail of the principles, whereby reference statutes are construed and given effect, provided, of course, the municipality has the power to ordain as undertaken."

The procedure prescribed by section 16-901, R. S. Supp., 1959, is not the enactment of any new ordinance or ordinances. What it does is to provide for the extension of the effective area of ordinances upon the particular subjects. The persons living in the area affected become subject to those ordinances upon those particular subjects. When ordinance No. 922 is published, that is a notice to such persons affected, relating to the ordinances of the city. These ordinances are readily available to any citizen, and are in charge of the city clerk of the city.

We conclude that the plaintiff's contention should not be sustained.

The Legislature may, and often does, expressly or by implication, grant to municipal corporations the right to exercise police power beyond and within a prescribed distance of the municipal limits. See, City Transp. Co., Inc. v. Pharr, 186 Tenn. 217, 209 S. W. 2d 15; Murray v. City of Roanoke, 192 Va. 321, 64 S. E. 2d 804.

In this state, cities of the metropolitan class were authorized to exercise what is termed zoning laws within 3 miles of their corporate limits. Laws 1925, c. 45, § 12, p. 186. Cities of the primary class were granted the same general authority in 1929. Laws 1929, c. 49, § 3, p. 205. Relating to metropolitan cities, see, also, Peterson v. Vasak, *supra*.

Referring to section 16-901, R. S. Supp., 1959, the powers granted therein are generally defined as pertaining to zoning. They are enactments under police power of the state, and at most a partial or quasi extension of

the corporate limits. Both of these are legislative powers. There is nothing unreasonable about the area included, as provided for by section 16-901, R. S. Supp., 1959, nor ordinance No. 922 enacted in pursuance of said statute. We conclude that no principle of fundamental law is violated by the enactment of such statute and ordinance.

By the enactment of section 16-901, R. S. Supp., 1959, it is apparent that the Legislature recognized that cities of the first class in this state are growing and expanding. The Legislature also recognized that the area within 1 mile of the corporate limits of such cities in the future would doubtless become a part of the cities and that such extension of the boundaries of the cities of the first class should, when required, be permitted. The zoning laws and ordinances incident thereto relating to the regulations of buildings, structures, and improvements are generally for the welfare and health of the citizens under the police power of the state. The foregoing is apparently the reason for the enactment of section 16-901, R. S. Supp., 1959. We find no violation of the Constitutions of the United States or of this state, as contended for by the plaintiff, nor do we find that ordinance No. 922 is vague, indefinite, uncertain, or discriminatory.

Many other questions are raised. Those pertinent to a determination of this appeal have heretofore been set forth.

We conclude that the judgment of the district court should be reversed and the cause remanded with directions to render judgment in favor of the defendants.

REVERSED AND REMANDED WITH DIRECTIONS.