LEE L. BARTON ET AL., APPELLEES, V. CITY OF OMAHA, A
MUNICIPAL CORPORATION OF THE METROPOLITAN CLASS, ET
AL., APPELLANTS.

145 N. W. 2d 444

Filed October 12, 1966.    No. 36202.

Herbert M. Fitle, Frederick A. Brown, Edward M.
Stein, Sebastian J. Todero, Walter J. Matejka, James E.
Fellows, Allen L. Morrow, and P. A. Spenceri, for appellants.

Swenson, Erickson & Nelson and Dixon G. Adams, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER,
SMITH, and McCOWN, JJ., and NEWTON, District Judge.

SMITH, J.

The issue is whether the City of Omaha is empowered
by statute to annex territory located in a foreign county.
The district court found against the power.   It permanently enjoined the city from enforcing an ordinance
that in form annexed land in an adjoining county.   The
city has appealed.

In 1915 the city, which is located entirely in Douglas
County, established its southernmost limit at the north
boundary of Sarpy County.   One hundred six annexations subsequently occurred.   The city is now attempting
to annex a contiguous tract of 152.55 acres in Sarpy
County.   The tract, which is unincorporated, contains

multiple-family houses, 502 single-family houses, a small shopping center, and an estimated population of 1,960. Housing developments in Sarpy County adjacent to the city existed as early as 1925; yet until now the city asserted no jurisdiction respecting platting, zoning, or annexation.

The annexation statute provides in part as follows: "* * * any metropolitan city may at any time extend the corporate limits * * * over any lands, * * * such distance as may be deemed proper in any direction, and may include, * * * with such metropolitan city, by such extension * * *, any adjoining city of the first class having less than 10,000 population or any adjoining city of the second class or village; Provided, that any other laws and limitations defining the boundaries of cities or villages or the increase of area or extension of limits thereof, shall not apply to * * * lands, cities or villages annexed, * * * under this section. This grant of power shall not be construed as conferring power upon the council to extend the limits of a metropolitan city over any agricultural lands which are rural in character." § 14-117, R. R. S. 1943.

From 1887 to 1905 the Legislature empowered the City of Omaha upon a population increase of 20,000 to extend the corporate limits "such distance as may be deemed proper in any direction not exceeding one mile." Laws 1887, c. 10, § 3, p. 106; Laws 1905, c. 14, § 2, p. 69. The present statute was enacted in 1917 and reenacted in 1921.

County lines are not always barriers. A village situated in more than one county may be incorporated, and it may annex territory in still another county. §§ 17-220 and 17-406, R. R. S. 1943. A metropolitan city may extend its limits to include villages. The power over land in a foreign county is clear enough, unless other statutes create ambiguity.

We find no authority for the City of Omaha holding an election in Sarpy County. The election commissioner

of Douglas County is the chief election officer of the city, but he is not in charge of municipal elections in Sarpy County. See, §§ 32-201, 32-210, 32-226, and 32-492, R. R. S. 1943.

The situation of the city contrasts with that of the Metropolitan Utilities District under statutes that were also enacted in 1921. The district may extend its service beyond the city "so as to include adjacent territory * * *, even though the same be in an adjoining county or counties, * * *." § 18-410, R. R. S. 1943. At district elections the election commissioner of Douglas County receives abstracts of votes from the clerks of adjoining counties. He issues certificates of election. § 14-1004; R. R. S. 1943. To read such a procedure into the statutes governing metropolitan cities is possible but injudicious.

Power over platting as well as annexation appeared in the 1921 act. It was restricted by this clause: "* * * when such real estate is located in the same county as such metropolitan city * * *." Laws 1921, c. 116, Art. I, § 15, p. 411. The clause was amended in 1961 to read as follows: "* * * when such real estate is located in any county in which a city of the metropolitan class is located, * * *." § 14-116, R. R. S. 1943. The amendment probably made no change in substance. The title limited the subject to municipal authority over real estate "within the same county as such city." Laws 1961, c. 29, p. 144.

Control over platting is intended to promote orderly development of lands that may be annexed subsequently. County of Norfolk v. City of Portsmouth, 186 Va. 1032, 45 S. E. 2d 136; cf. Schlientz v. City of North Platte, 172 Neb. 477, 110 N. W. 2d 58. Villages, which may annex territory in adjoining counties, possess no wide power over platting. Municipal approval is required only if the land lies within ½ mile in the same county. §§ 17-1002 and 17-1003, R. R. S. 1943. Public policy not being clear-cut, the analogy has slight value.

The asserted power of annexation would create diffi-

culties. For example the 1921 act specifies "the county" in reference to certain appeals, duties of the mayor, jurisdiction of the chief of police, certification of the levy, and compensation for services of the county treasurer, who is ex officio city treasurer. §§ 14-548, 14-221, 14-603, 14-514, 14-554, and 14-551, R. R. S. 1943.

The past failure of the city to assert its powers of planning is significant under the circumstances. "Authority actually granted * * * of course cannot evaporate through lack of * * * exercise. But just as established practice may shed light on the extent of power conveyed by general statutory language, so the want of assertion of power of those who presumably would be alert to exercise it, is equally significant in determining whether such power was actually conferred." Federal Trade Commission v. Bunte Bros., Inc., 312 U. S. 349, 61 S. Ct. 580, 85 L. Ed. 881. See, also, In re West New York, 25 N. J. 377, 136 A. 2d 654.

The degree of ambiguity in the annexation statute draws the past position of the city into the process of statutory construction. Arguments directed to desirable legislative policy must yield, for the power of annexation is construed strictly. Wagner v. City of Omaha, 156 Neb. 163, 55 N. W. 2d 490. The district court interpreted the statute correctly.

The judgment is affirmed.

AFFIRMED.