Donald L. GARREN and James A. Eddinger, Appellants,

v.

CITY OF WINSTON–SALEM, NORTH CAROLINA, Appellee.

No. 14562.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 9, 1970.

Decided July 18, 1972.

Renn Drum, Drum, Liner & Redden, Winston-Salem, N. C. (Norman B. Smith, Smith & Patterson, Greensboro, N. C., on brief), for appellants.

William F. Womble and John L. W. Garrou, Winston-Salem, N. C. (Womble, Carlyle, Sandridge & Rice, Winston-Salem, N. C., of counsel, on brief), for appellee.

Before HAYNSWORTH, Chief Judge, MURRAH,* Senior Circuit Judge, and CRAVEN, Circuit Judge.

MURRAH, Senior Circuit Judge:

We previously affirmed the District Court's dismissal of this action on the ground that the appellants' claim was concerned only with the infringement of property as opposed to personal rights and did not, therefore, state a claim cognizable under 42 U.S.C. § 1983, for which jurisdiction is conferred under 28 U.S.C. § 1343(3). See 439 F.2d 140. Our decision was vacated and the case remanded by the Supreme Court, 405 U. S. 1052, 92 S.Ct. 1489, 31 L.Ed.2d 787, for consideration in light of Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972). That case held that there was no jurisdictional distinction between personal liberties and property rights under § 1343(3).

Having previously held, contrary to the trial court's ruling, that Winston-Salem is a person within the meaning of § 1983, amenable to injunctive and declaratory relief for asserted deprivations of a civil right (see 439 F.2d 140, 141), we are brought squarely to the merits of appellants' claim of denial of equal protection of the laws. On remand the parties have requested no further briefing and are apparently content with our previous statement of the essential facts and the constitutional issue presented. We accordingly proceed to a decision of the matter as submitted.

■ For convenience only, we shall restate the pertinent facts and appellants' constitutional claim. The Board of Aldermen of Winston-Salem, acting on recommendation of the City-County Planning Board, rezoned eighty-five acres of land owned by the city and located outside its territorial limits from residential to industrial use. This was for the purpose of constructing a sanitary landfill on the property, a permitted use only under the rezoned classification. Both the general statutes (N.C. Gen.Stat. § 160–181.2)[1] and the local public acts (Laws 1947, ch. 677, § 23, et seq., as amended Laws 1953, ch. 777, § 1) of the General Assembly of North Carolina authorize the exercise of extraterritorial zoning powers. The powers asserted by Winston-Salem in this case were exercised by the Board of Aldermen, apparently pursuant to the local public acts, *supra.*[2]

---

* Of the Tenth Circuit, sitting by designation.

1. Repealed by Laws 1971, ch. 698, § 2, effective January 1, 1972.

2. We agree with appellants' contention that the rezoning ordinance here in question was enacted pursuant to the authority specifically conferred on the City of Winston-Salem by the local public acts and that the constitutionality of N.C.Gen. Stat. § 160–181.2 is not directly in question. In these circumstances, the convening of a three-judge court pursuant to 28 U.S.C. § 2281 was not required and, indeed, would have been improper since the local public acts, *supra,* pertain only to the municipality of Winston-Salem

Garren and Eddinger bring this suit on behalf of themselves and all other persons residing in the extraterritorial zoning area and in the vicinity of the re-zoned city-owned property who will allegedly suffer irreparable harm by construction of the landfill. They do not question the constitutional power of the state to authorize its municipalities to zone or rezone extraterritorial property.[3] Nor do they contend that the powers asserted here were not exercised in conformity with the enabling statutes. Rather, as explicated in argument and brief, we read the complaint to seek: (1) a declaration of unconstitutionality of the local public acts in question to the extent and only to the extent that they grant the City of Winston-Salem power to zone extraterritorial property in a manner which will detrimentally affect the property of non-residents of the municipality who have no representative voice in the election of the municipal body which exercises the zoning powers; and, (2) injunctive relief against enforcement of the rezoning ordinance in question as an unconstitutional exercise of those powers.

■■ The trial court apparently accepted the municipality's contention that this case is in the nature of cases dealing with municipal annexation powers, the exercise of which are " . . . unrestrained by any provision of the Constitution of the United States." Hunter v. Pittsburgh, 207 U.S. 161, 179, 28 S.Ct. 40, 47, 52 L.Ed. 151 (1907). See also Detroit Edison Co. v. East China Township School Dist. No. 3, 247 F.Supp. 296

(S.D.Mich.1967), aff'd, 378 F.2d 225 (6th Cir. 1967), cert. denied, 389 U.S. 932, 88 S.Ct. 296, 19 L.Ed.2d 284; Deane Hill Country Club, Inc. v. City of Knoxville, 379 F.2d 321 (6th Cir. 1967), cert. denied, 389 U.S. 975, 88 S.Ct. 476, 19 L.Ed.2d 467; Hammonds v. City of Corpus Christi, Tex., 343 F.2d 162 (5th Cir. 1967), cert. denied, 382 U.S. 837, 86 S.Ct. 85, 15 L.Ed.2d 80; International Harvester Company v. Kansas City, 308 F.2d 35 (10th Cir. 1962), cert. denied, 371 U.S. 948, 83 S.Ct. 903, 9 L.Ed.2d 498. But, correctly read, the "seemingly unconfined dicta of *Hunter* and kindred cases is not that the State has plenary power to manipulate in every conceivable way, for every conceivable purpose, the affairs of its municipal corporations, but rather that the state's authority is unrestrained by the particular prohibitions of the Constitution considered in those cases. . . . Legislative control of municipalities, no less than other state power, lies within the scope of relevant limitations imposed by the United States Constitution." Gomillion v. Lightfoot, 364 U.S. 339, 344–345, 81 S. Ct. 125, 128, 5 L.Ed.2d 110 (1960). This is especially true in the sensitive area of individual voting rights, wherein it is established beyond doubt that state powers may not be exercised to work a discrimination between citizens who stand on an equal footing before the law. See Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964); Lucas v. Colorado Gen. Assembly, 377 U.S. 713, 84 S.Ct. 1459, 12 L.Ed. 2d 632 (1964); Dunn v. Blumstein, 405 U.S. 330, 31 L.Ed.2d 274 (1972).

and are not of statewide application. See Board of Regents v. New Left Education Project, 404 U.S. 541, 92 S.Ct. 652, 30 L.Ed.2d 697 (Jan. 24, 1972); Moody v. Flowers, 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967); Rorick v. Comm'rs., 307 U.S. 208, 59 S.Ct. 808, 83 L.Ed. 1242 (1939). For a brief history of the local public acts in question, see State v. Owen, 242 N.C. 525, 88 S.E.2d 832 (1955).

3. Statutes authorizing municipalities to exercise extraterritorial zoning powers

have been upheld in North Carolina as well as other jurisdictions. See, *e. g.*, City of Raleigh v. Morand, 247 N.C. 363, 100 S.E.2d 870 (1957), appeal dismissed, 357 U.S. 343, 78 S.Ct. 1369, 2 L.Ed.2d 1367 (1958); Town of Garner v. Weston, 263 N.C. 487, 139 S.E.2d 642 (1965); Walworth Co. v. City of Elkhorn, 27 Wis.2d 30, 133 N.W.2d 257 (1965); Schlientz v. City of North Platte, 172 Neb. 477, 110 N.W.2d 58 (1961).

■ It is in this context that appellants earnestly contend that our case is demonstratively unlike the annexation cases, and constitutionally analogous to the voting rights cases—particularly the more recent ones extending equal protection of the laws to ". . . the exercise of state power however manifested, whether exercised directly or through subdivisions of the State." Avery v. Midland County, 390 U.S. 474, 479, 88 S.Ct. 1114, 1117, 20 L.Ed.2d 45 (1968). See also Kramer v. Union School District, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969); Cipriano v. City of Houma, 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969).

This is not, however, an orthodox voting rights case. Nor do we think the principles of those cases can be rationalized to support appellants' claim that they have been denied equal protection of the laws as a result of being denied equal voting rights. Appellants have not been denied any constitutionally protected rights of franchise or equal representation in municipal affairs. This is so simply because not being bona fide residents of Winston-Salem they have no standing to assert such rights. See Carrington v. Rash, 380 U.S. 89, 93–94, 85 S.Ct. 775, 778–779, 13 L.Ed.2d 675 (1965). Appellants' property is subject to no different zoning restriction or other burdens than the property of municipal residents. And the fact that appellants do not enjoy the same recourse to the ballot box is not the result of an invidious or suspect classification, or any other act of overt discrimination. *Cf.* Gomillion v. Lightfoot, *supra.* Inasmuch as appellants have not shown themselves to be deprived of any benefit otherwise due them on the basis of an unreasonable or unjustified classification, we have no occasion to consider or apply the compelling state interest test as in Dunn v. Blumstein, *supra.*

■ In these circumstances, the case comes down to a situation where the city is zoning and rezoning extraterritorial property which it owns in accordance with its constitutionally conferred statutory powers. "One has no constitutional right to a 'remedy' against the lawful conduct of another." Senn v. Tile Layers Union, 301 U.S. 468, 483, 57 S.Ct. 857, 864, 81 L.Ed. 1229 (1937). The remedy for any wrongs which appellants may have suffered or may suffer at the hands of the municipality in the exercise of its extraterritorial zoning powers does not lie under § 1983 of the Civil Rights Act.

■ Even if appellants' constitutional arguments were to prevail it would be an empty victory. For if the City of Winston-Salem is constitutionally prohibited from rezoning the property in question so as to allow construction of a sanitary landfill, the original zoning of the land would have been constitutionally prohibited for the same reason. The property, thus, would be unrestricted, and the municipality would be free to exercise its police power in furtherance of any legitimate governmental function.

The trial court's dismissal of this action is affirmed.