82 P.3d 259 (2004)
119 Wash.App. 628
In the Matter of the PETITION OF the CITY OF LONG BEACH to acquire by condemnation certain property and property rights for the improvement of Discovery Trail, trail located within shorelines west of 1968 Seashore Conservation Line within Sections 8, 20, 29, 32 and 33, Townships 10 N., Range 11 W., W.M., Pacific County, Washington, as provided by Ordinance No. 767.
Craig Wong, J.W. Hank and Lois Chellson, William Henningsgaard, Susan Sullivan, Paul and Sandra Olson, E. Jane Hewitt, Joseph Neuroth, and Michael and Carol Couture, Appellants,
v.
The City of Long Beach, Respondent.
No. 29998-4-II.
Court of Appeals of Washington, Division 2.
January 6, 2004.
*260 Steven Erik Turner, Le Anne Marie Bremer, Miller Nash LLP, Vancouver, WA, for Appellants.
P. Stephen DiJulio, Seattle, WA, for Respondent.
HUNT, C.J.
Shoreline property owners appeal the superior court's grant of the City of Long Beach's petition to condemn portions of their land for expansion of a recreational trail outside city limits. They argue that a trail is not a statutorily-authorized purpose justifying condemnation. We hold that the City acted legally in condemning land outside the City's limits for the Discovery Trail, which is a "park" under RCW 8.12.030. We affirm.

FACTS

I. DISCOVERY TRAIL
The City of Long Beach is constructing an interurban trail to commemorate Lewis and Clark's Corps of Discovery expedition. This "Discovery Trail" will extend outside city limits south from Long Beach through Seaview to Ilwaco. The trail will be ten-feet wide with an asphalt surface, for use primarily by bicyclists and pedestrians. In the nature of an interpretive center, monuments and interpretative panels are planned at half-mile intervals to educate trail users about the Lewis and Clark expedition and local history, *261 culture, and environment. The trail's design, however, is more open and fluid than a traditional interpretive center in a building.
The City has already completed and currently maintains a portion of the trail, and another portion is under construction. The City also has easements for all but four percent of the planned remaining trail system.

II. LITIGATION
After efforts to obtain the necessary remaining easements failed, the City filed a petition in superior court to condemn strips of beachfront property outside city limits.[1] The affected Property Owners opposed the petition and challenged the City's power to condemn property outside its city limits. They claimed that the proposed trail would cut through their properties, separating the buildable or otherwise usable portions from the beach, interfering with their privacy, and obstructing their "dearly paid-for views."[2] Property Owners also contended that the City could not use its statutory condemnation powers because a "trail" is not a permitted purpose under the condemnation statute.
The superior court ruled in the City's favor, issued a memorandum opinion, entered an order finding public use and necessity, and set the case for trial to determine just compensation for the condemnation. Property Owners appeal.

ANALYSIS
The central issue is whether the City of Long Beach has authority to condemn private property for a trail outside its city limits. Resolution of this issue turns on whether a trail is a "park" within the meaning of RCW 8.12.030.

I. EMINENT DOMAIN POWERS OF CODE CITIES
The power of eminent domain is an inherent power of the state; a municipality may exercise this power "only when it is expressly so authorized by the state legislature." City of Tacoma v. Welcker, 65 Wash.2d 677, 683, 399 P.2d 330 (1965). Although courts generally construe grants of municipal authority liberally, we "employ[] a narrow construction to municipal exercises of the eminent domain power." City of Tacoma v. Taxpayers of City of Tacoma, 108 Wash.2d 679, 694 n. 8, 743 P.2d 793 (1987). Similarly, we strictly construe the delegation of eminent domain powers. In re Petition of City of Seattle, 96 Wash.2d 616, 629, 638 P.2d 549 (1981).
Property Owners contend that (1) the City's condemnation of their property for a trail violates these well-settled rules; and (2) a proper, narrow construction of the statute granting the City's eminent domain power would necessarily limit permitted uses to those specifically enumerated or similar to those enumerated. Statutory construction is an issue of law, which we review de novo. Landmark Dev., Inc. v. City of Roy, 138 Wash.2d 561, 569, 980 P.2d 1234 (1999).

A. Applicable Statutes
Both parties agree that the City is a "code city,"[3] governed by the Optional Municipal Code, Title 35A, Revised Code of Washington. RCW 35A.11.020 broadly grants code cities "all powers possible for a city or town to have under the Constitution of this state, and not specifically denied to code cities by law." The stated purpose of Title 35A RCW is to grant "the broadest *262 powers of local self-government consistent with the Constitution of this state." RCW 35A.01.010.
Three statutes expressly grant eminent domain power to code cities. First, RCW 8.12.030 provides that "[e]very city and town... is hereby authorized and empowered to condemn land and property." RCW 8.12.030 (emphasis added). Second, RCW 35A.64.200 provides: "A code city may exercise all powers relating to eminent domain as authorized by chapters 8.12 and 8.28 RCW." And third, RCW 35A.11.030 provides that "[p]owers of eminent domain ... may be exercised by the legislative bodies of code cities in the manner provided in this title or by the general law of the state." These three statutes include instructive language for interpreting the scope of a code city's eminent domain powers.
Most notably, chapter 35A.01 RCW, entitled "Interpretation," explains:

Any specific enumeration of municipal powers contained in this title or in any other general law shall not be construed in any way to limit the general description of power contained in this title, and any such specifically enumerated powers shall be construed as in addition and supplementary to the powers conferred in general terms by this title. All grants of municipal power to municipalities electing to be governed under the provisions of this title, whether the grant is in specific terms or in general terms, shall be liberally construed in favor of the municipality.

RCW 35A.01.010 (emphases added).
Property Owners argue that however broad the City's statutory eminent domain power may be, it is not limitless. They cite RCW 35A.64.200, which provides: "A code city may exercise all powers relating to eminent domain as authorized by chapters 8.12 and 8.28 RCW in accordance with the procedures therein prescribed and subject to any limitations therein provided."[4] (Emphasis added.) They contend that the specific language preceding the general grant "for any other public use" limits the uses permitted outside city limits to those specifically enumerated.[5] They do not contest that public parks are such a specifically enumerated use under RCW 8.12.030.

B. Condemnation Outside City Limits
Property Owners also argue that the City's exercise of eminent domain will disenfranchise them because they live outside the city limits and, therefore, they do not vote for City officials. But they do not prevail based on this assertion.
First, that RCW 8.12.030 authorizes cities to condemn property outside their city limits demonstrates that our state Legislature intended to subject non-residents to the municipalities power in certain situations.[6] Second, our Supreme Court has held that "the Legislature may subject non-residents to the jurisdiction of officials for whom they have no voice in selecting." King County Water Dist. No. 54 v. King County Boundary Review Bd., 87 Wash.2d 536, 545, 554 P.2d 1060 (1976).
Because we next hold that the trail at issue here is a "park," for which the City may *263 condemn private property outside city limits, we need not address whether the trail falls within the purview of "any other public use" under RCW 8.12.030.

II. CONDEMNATION FOR A PARK
We agree with the City that the Discovery Trail falls within the statutory definition of a "park" because the City is constructing and maintaining the Discovery Trail for aesthetic and recreational purposes.[7] Websters Third New International Dictionary defines "park" as "a tract of land maintained by a city or town as a place of beauty and recreation." It defines "trail" as a "track made by passage" or a "beaten path." WEBSTERS THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE 1642, 2423 (1969).
The Discovery Trail is designed primarily for pedestrians and bicyclists. When complete, it will stretch nearly two miles, providing a seaside, recreational space from Long Beach to Ilwaco along the ocean shore. The Discovery Trail will provide a scenic trail for walkers, joggers, and bicyclists, allowing them to enjoy views of the dunes, the beach, and the ocean as they move along the trail or stop to gaze.
Trail users can also enjoy the monuments and interpretive panels along the trail, which "tell the story" of the Corps of Discovery expedition, reveal the Chinook Tribe legacy, and explain the varieties of native wildlife and plants and "the dynamic forces of the Pacific Ocean." The City intends that trail users will recreate and spend family time together while learning about local history, culture, and environment. These activities and amenities clearly fit the definition of a park. That the trails shape is long, narrow, and meandering, rather than rectangular or square, does not detract from its function and definition as a public park within the meaning of the condemnation statute. RCW 8.12.030.
Although a "trail" is not expressly listed among the enumerated uses for which a code city may condemn property outside city limits, we are mindful of the Legislatures mandate that courts "liberally construe" grants of power "in favor of the municipality." RCW 35A.01.010. Therefore, because this trail fits the definition and purposes of a park, we hold that the City's Discovery Trail is a "park," which is an express purpose for which RCW 8.12.030 authorizes condemnation of property outside city limits. See In re Seattle, 96 Wash.2d at 633, 638 P.2d 549;[8] RCW 35A.01.010.[9]
Affirmed.
We concur: SEINFELD and HOUGHTON, JJ.
NOTES
[1] The City Council adopted Ordinance No. 767, authorizing the City's Special Counsel to commence proceedings to condemn, to appropriate, or to take the land necessary to complete the Discovery Trail.
[2] Long Beach's City Administrator, Nabiel Shawa, testified, however, that the building setback is typically about 800 feet east of the trail and that the predominant line of development is approximately 1,200 feet east of the trail.
[3] The term "code city" refers to a municipality that adopts its charter under Title 35A RCW, the Optional Municipal Code, or elects to be classified as a code city. RCW 35A.01.020, .030, 035. There are two types of code cities, charter and noncharter, but the distinction has no relevance to the issues here. RCW 35A.01.020, .030.

Cities and towns are governed by Title 35 RCW and adopt their charters under article XI, section 10 of the Washington State Constitution. RCW 35.01.010, .020.
[4] RCW 8.12.030 provides:

Every city and town ... is hereby authorized and empowered to condemn land and property, including state, county and school lands and property for streets, avenues, alleys, highways, bridges, ... and for the opening and widening, widening and extending, altering and straightening of any street, avenue, alley or highway, ... or for the purpose of making changes in the grade of any street, avenue, alley or highway, or for the construction of slopes or retaining walls for cuts and fills upon real property abutting on any street, avenue, alley or highway ... or to damage the same, either within or without the limits of such city for public parks, drives and boulevards, ... and to condemn land and other property and damage the same for such and for any other public use after just compensation having been first made or paid into court for the owner in the manner prescribed by this chapter.
(Emphasis added.)
[5] RCW 8.12.030 can essentially be read as having four separate sections: (1) permissible purposes for condemnation within the city limits; (2) permissible purposes for condemnation "within or without" city limits; (3) condemnation "for any other public use"; and (4) requiring that the city pay just compensation. RCW 8.12.030.
[6] Although Property Owners acknowledge that there are some valid purposes for which the City could condemn property outside its boundaries, they maintain that the Discovery Trail is not one.
[7] Because we hold that the trail is a park, we do not address the City's alternative argument that the trail could also be considered a "boulevard" under RCW 8.12.030.
[8] Our Supreme Court has ruled that permitted purposes for condemnation are not rigidly limited to those uses specifically enumerated in RCW 8.12.030. The Court held, for example, that a parking lot could fit the description of a "public square," defined as "an open place or area formed at the meeting of two or more streets." In re Seattle, 96 Wash.2d at 633, 638 P.2d 549, (quoting WEBSTERS THIRD NEW INTERNATIONAL DICTIONARY 2214 (1966)). The Court acknowledged that the statute would have been more precise to have listed a "parking lot" as a permitted use. Nevertheless, the Court was apparently satisfied that a parking lot fell under the broader definition of "public square" and, therefore, held that a parking lot was one of the "expressly authorized" proposed uses. In re Seattle, 96 Wash.2d at 633, 638 P.2d 549.
[9] See also Welcker, 65 Wash.2d at 683, 399 P.2d 330 (legislative grants of power should not be so strictly construed "as to defeat the evident purpose of the grant").